[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 279.]

AKRON BAR ASSOCIATION V. GREENE ET AL.

[Cite as Akron Bar Assn. v. Greene, 1997-Ohio-298.]

*Attorneys at law—Individual not authorized to practice law in Ohio who drafts pleadings for "clients" and appears in court on their behalf is engaging in the unauthorized practice of law.*

(No. 96-1162—Submitted September 10, 1996—Decided January 22, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL-95-4.

_____

{¶ 1} The Akron Bar Association ("relator") charged in a complaint that Raymond E. Greene, Sr., and R.E.G. Enterprises, Inc., a corporation formed by Greene ("respondents"), had engaged in the unauthorized practice of law. The complaint was referred to the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court ("board"). Respondents failed to answer the complaint; however, on October 27, 1995 Greene informed relator by letter that he had not presented himself as an attorney and would no longer perform "acts that are questionable." Relator then filed a motion for default.

{¶ 2} The board considered the motion and found that on February 17, 1995, Raymond E. Greene, Sr., who is not authorized to practice law in Ohio, and R.E.G. Enterprises, Inc., a corporation formed by Greene, drafted and filed a complaint for divorce on behalf of Doretha Driggs in the Summit County Domestic Relations Court. The complaint was signed by "Raymond E. Greene, Sr., Paralegal for Doretha Driggs." A summons issued in that divorce case identified Greene as the "plaintiff's attorney." On May 5, 1995, when Greene appeared in court on behalf of Driggs, the trial court dismissed the case for failure of the plaintiff or an attorney to sign the complaint.

{¶ 3} The board found that respondents had engaged in the unauthorized practice of law and recommended that an order issue prohibiting respondents from such activity in the future and for costs and expenses incurred in the action.

{¶ 4} After the matter was referred to us, relator informed the court that despite Greene's letter of October 27, 1995 and despite this pending proceeding, respondents had prepared and filed in the Summit County Common Pleas Court an answer and counterclaim on behalf of Deborah Christian. Paragraph one of the answer and counterclaim stated, "Now comes the Defendant, by and through the Power of Attorney granted to her attorney-in-fact, R. Edinborough Greene, for her answer, and his answer to the Complaint with their counter complaint and states as follows." The document bore a signature line for "Deborah Price Christian, *pro se*[,] R. Edinborough Greene, Paralegal, Power of Attorney for both." The trial judge, upon determining that Greene was not an attorney, ejected him from court and admonished him for his conduct. Relator further informed this court that R.E.G. Enterprises, Inc. was not and never has been a corporation in good standing in the state of Ohio.

---

*Greg A. Manes* and *Frank E. Steel,* for relator.

---

***Per Curiam.***

{¶ 5} The practice of law includes the conduct of litigation and those activities which are incidental to appearances in court. We held in *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus, "The practice of law * * * embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts * * *." Further, we held in that case that the practice of law also "'includes legal advice and counsel, and the preparation of legal

instruments and contracts by which legal rights are secured* * *.'" *Id*. at 28, 1 O.O. at 315, 193 N.E. at 652. Finally, we said, "It seems too obvious to permit any discussion that a corporation may not be authorized to practice law." *Id*., 129 Ohio St. at 29, 1 O.O. at 315, 193 N.E. at 653.

{¶ 6} Respondents not only prepared pleadings for Driggs, but also appeared in court for her. According to relator, respondents continued to draft pleadings for "clients" and appear in court on their behalf despite representations that they would desist. There is no question that respondents are attempting to practice law.

{¶ 7} R.C. 4705.01 provides in part that "[n]o person shall be permitted to practice as an attorney and counselor at law * * * unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." Gov.Bar R. VII (2)(A) provides that "[t]he unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * * and not granted active status * * *." Respondents are not attorneys and they have not been admitted to practice in Ohio.

{¶ 8} We find that respondents by their actions are engaging in the unauthorized practice of law and further that respondents have failed to deal honorably and forthrightly with investigating counsel. Pursuant to Gov.Bar R. VII (19)(D), we hereby enjoin each and both respondents from any further activity involving the counseling of persons with respect to their legal rights, the preparation of legal instruments and documents to secure legal rights of any person, the preparation, signing or filing of pleadings or other papers on behalf of persons incident to actions in courts or other tribunals in the state of Ohio, and the appearance of respondents on behalf of any other persons in any court or tribunal in the state of Ohio.

{¶ 9} All costs and expenses of this action are taxed to the respondents jointly and severally.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____