[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 276.]

RICHLAND COUNTY BAR ASSOCIATION *v.* CLAPP.

[Cite as *Richland Cty. Bar Assn. v. Clapp*, 1998-Ohio-551.]

*Unauthorized practice of law—Individual not authorized to practice law in Ohio who prepares and files a motion and pleadings in court on behalf of his clients is engaging in the unauthorized practice of law.*

(No. 98-1711—Submitted October 13, 1998—Decided December 30, 1998.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 97-2.

————————————

{¶ 1} In July 1997, relator, Richland County Bar Association, filed a complaint with the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court ("board"), charging that respondent, Robert D. Clapp, had engaged in the unauthorized practice of law. Clapp filed an answer in which he admitted, among other things, that he is not an attorney and that he is the Chief Executive Officer of Clapp & Affiliates Financial Services, Inc. The parties subsequently filed a stipulation of facts and waiver of hearing pursuant to Gov.Bar R. VII(7)(C).

{¶ 2} Based on the parties' pleadings and stipulated facts, the board found that in February 1997, Clapp filed a motion to dismiss in Mansfield Municipal Court on behalf of defendants Janine M. Caico and Dennis Caico in *Empire Affiliates Credit Union, Inc. v. Caico*, case No. 96-CVF-4297. In the motion to dismiss, Clapp requested a jury trial and claimed that he was authorized to file the motion based on powers of attorney issued by the Caicos for Clapp to act for them in all credit matters. Although Clapp charged the Caicos no specific fee for filing the motion, he charged them a commission for his work on their behalf. Clapp filed a total of three pleadings in the twelve-month period preceding the parties'

stipulation of facts in this proceeding. Clapp admitted that his conduct in preparing and filing pleadings and other legal documents constituted the unauthorized practice of law.

{¶ 3} In August 1998, the board filed its final report. The board concluded that Clapp had engaged in the unauthorized practice of law. The board recommended that the court issue an order finding that Clapp had engaged in the unauthorized practice of law, prohibiting Clapp from engaging in such unauthorized practice of law in the future, and providing for the reimbursement of costs and expenses incurred by relator.

{¶ 4} After the filing of the board's final report, we issued an order permitting Clapp to show cause why the report should not be confirmed and an appropriate order granted. Gov.Bar R. VII(19)(A). Clapp did not file any objections to the report.

{¶ 5} This cause is now before the court for its determination under Gov.Bar R. VII(19)(D).

_____

*Brown, Bemiller, Murray & McIntyre* and *Wm. Travis McIntyre*, for relator.
*Robert Clapp, pro se*.

_____

***Per Curiam.***

{¶ 6} We adopt the findings and recommendation of the board. "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Gov.Bar R. VII(2)(A). The practice of law "includes the conduct of litigation and those activities which are incidental to appearances in court." *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307, 1308. The practice of law consequently "embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of

clients before judges and courts * * *." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus; see, also, *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 173, 657 N.E.2d 499, 500.

{¶ 7} As the board correctly concluded and Clapp conceded, his filing of a motion and pleadings in court on behalf of his clients constituted the unauthorized practice of law. The powers of attorney executed by the Caicos did not permit Clapp, a non-attorney, to file the motion to dismiss in municipal court. See *Greene*, 77 Ohio St.3d at 279-280, 673 N.E.2d at 1308.

{¶ 8} Based on the foregoing, we find that Clapp engaged in the unauthorized practice of law. We enjoin Clapp from preparing, on behalf of clients, pleadings, motions, and other legal documents to be filed in any Ohio court.

{¶ 9} All costs and expenses of this action are taxed to Clapp.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————