CLEVELAND BAR ASSOCIATION *v.* WOODMAN ET AL.

[Cite as *Cleveland Bar Assn. v. Woodman,*
98 Ohio St.3d 436, 2003-Ohio-1634.]

(No. 2002–2129—Submitted February 12, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1} Respondents, Robert P. Woodman, Carl N. Woodman, and Thomas Warholic, are trustees of We Share, Inc., chartered under the laws of the state of Ohio as a nonprofit corporation. None of the respondents has ever been admitted to the practice of law in Ohio.

{¶ 2} Between August 21, 1996, and August 29, 1996, respondents, as trustees of We Share, Inc., filed nine separate complaints with the Public Utilities Commission of Ohio against the Ohio Bell Telephone Company. Respondents filed those complaints on behalf of various federal and state officials and agencies, and five Ohio municipalities,[1] challenging the telephone service rates that Ohio Bell was charging in regard to those entities. Nothing in the board's record suggests that the named parties consented to respondents' initiating those actions on their behalf.

{¶ 3} On February 9, 2001, relator, Cleveland Bar Association, filed a complaint charging respondents with having engaged in the unauthorized practice of law and seeking to permanently enjoin that conduct. Respondents were served with copies of the complaint but did not answer. Respondents were also served with notice of a July 17, 2002 hearing to be held before the Board of Commissioners on the Unauthorized Practice of Law. The board received a request for a

---

1. Respondents filed complaints on behalf of the United States General Services Administration, Region 5, Ohio Department of Administrative Services, William Perry, United States Secretary of Defense, Attorney General Janet Reno, United States Justice Department, Lake County, Ohio, Senators Mike DeWine and John Glenn, United States District Court Judges, Northern District of Ohio, and the cities of Cleveland, Shaker Heights, Mentor, Cleveland Heights, and Euclid, Ohio.

continuance on the date of the hearing. The board denied the request, and respondents did not appear before the board.

{¶ 4} The board found that respondents' preparation, signing, and filing of documents with the Public Utilities Commission of Ohio constituted the unauthorized practice of law. The board explained that "[t]he unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice in Ohio." See Gov.Bar R. VII(2)(A). The board noted that the practice of law includes appearing in court, preparing and filing legal pleadings and other papers, and managing actions and proceedings on behalf of clients before judges and courts. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 673 N.E.2d 1307; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650. Moreover, the board recognized that "[w]hether a particular activity of filing before an administrative agency amounts to the practice of law is essentially determined on a case-by-case basis considering factors such as the nature of the activity, any special skills required, the potential for harm to the public and whether a record is being created for the purposes of appeal," citing *Goodman v. Beall* (1936), 130 Ohio St. 427, 5 O.O. 52, 200 N.E. 470; *Henize v. Giles* (1986), 22 Ohio St.3d 213, 22 OBR 364, 490 N.E.2d 585; *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 707 N.E.2d 499; and *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932.

{¶ 5} The board recommended that we find that respondents engaged in the unauthorized practice of law, that we enjoin them from such conduct in the future, and that we order the reimbursement of costs and expenses incurred by the board and the relator. We adopt the board's findings and its recommendation.

{¶ 6} Accordingly, respondents are hereby enjoined from all further conduct on another's behalf that constitutes the unauthorized practice of law, whether it involves preparing a legal document, filing, or appearing before a tribunal. Costs and expenses are taxed to respondents.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

George W. MacDonald, Russell A. Moorhead and Michael M. Hughes Jr., for relator.