CLEVELAND BAR ASSOCIATION *v.* PEARLMAN.

[Cite as *Cleveland Bar Assn. v. Pearlman,*
106 Ohio St.3d 136, 2005-Ohio-4107.]

(No. 2004–1550—Submitted March 1, 2005—Decided August 31, 2005.)

LANZINGER, J.

I

{¶ 1} This matter arises from the amended complaint and certificate filed September 23, 2002, by the Cleveland Bar Association ("CBA") against respondent, Alan G. Pearlman. Pearlman manages apartment buildings owned by Roosevelt Investments, Ltd. ("Roosevelt") and Boulevard Investments, Ltd. ("Boulevard"), limited liability companies formed August 14, 1995. Pearlman

owns a 99 percent interest in both companies; his wife owns one percent. Previously, the Pearlmans' general partnerships owned the apartment buildings.

{¶ 2} Pearlman is not, and has never been, admitted to the practice of law. He has, however, filed at least 13 complaints in the Small Claims Division of Cleveland Heights Municipal Court on behalf of Roosevelt or Boulevard seeking money damages from tenants or former tenants.[1] These filings were consistent with practices approved by the small claims division. The clerk of courts supplied the rent complaint forms, notarized Pearlman's signature, and accepted the complaints for filing.

{¶ 3} Magistrates of the small claims division have not allowed Pearlman to cross-examine witnesses, but have permitted him to testify on behalf of Roosevelt and Boulevard as their agent. Pearlman has never held himself out as an attorney nor filed complaints on behalf of any person or entity other than Roosevelt and Boulevard. He maintains that his activities in the small claims division are authorized by R.C. 1925.17.

{¶ 4} Based upon the parties' stipulations, the Board on the Unauthorized Practice of Law found that Pearlman had engaged in the unauthorized practice of law by preparing and signing pleadings for Roosevelt and Boulevard and by appearing for them in the Cleveland Heights Municipal Court. The board recommended that Pearlman be enjoined from his activities, but did not recommend additional sanctions.

{¶ 5} After the board's final report was filed, we issued an order for the parties to show cause why the report should not be confirmed with an appropriate order. Gov.Bar R. VII(19)(A). Pearlman filed objections, and the case is now before us for the determination specified in Gov.Bar R. VII(19)(D).

## II

{¶ 6} Section 2(B)(1)(g), Article IV of the Ohio Constitution gives the Supreme Court of Ohio original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Section 5(B), Article IV of the Ohio Constitution states that the Supreme Court "shall make rules governing the admission to the practice of law and discipline of persons so admitted."

{¶ 7} The rule pertinent to this case, Gov.Bar R. VII(2)(A), states, "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." The term "rendering of legal

---

1. The portion of the complaint concerning filing in the small claims division or the general division of Cleveland Heights Municipal Court on behalf of no-longer-existing partnerships has been dismissed without prejudice.

services" has been defined further: "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, at paragraph one of the syllabus.

{¶ 8} Relying upon this broad definition, the CBA asserts that Pearlman, a nonlawyer, provided legal services by appearing for Roosevelt and Boulevard in small claims court at least 13 times. As limited liability companies, Roosevelt and Boulevard are separate legal entities. R.C. 1705.01(D)(2)(e). It is the ordinary rule that a corporation may not litigate or appear in court represented by nonlawyer corporate officers or agents. *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. This same rule also generally governs appearances before administrative agencies. *Cleveland Bar Assn. v. Woodman*, 98 Ohio St.3d 436, 2003-Ohio-1634, 786 N.E.2d 865 (nonattorney trustees of a nonprofit corporation may not file actions before the PUCO, representing their corporation and others). Thus, by representing Roosevelt and Boulevard and by filing complaints on their behalf in small claims court, the CBA maintains, Pearlman was involved in the unauthorized practice of law.

{¶ 9} The CBA used this same analysis in *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181. There, the board adopted CBA's argument, concluding that nonlawyers had improperly rendered legal services in Industrial Commission and Bureau of Workers' Compensation cases. The board declined to consider whether lay representation was a hazard to the public or whether proceedings in these cases called for a measure of flexibility. Id. at ¶ 7.

{¶ 10} When the *CompManagement* case reached us, we explained that an uncompromising approach to unauthorized-practice-of-law cases may not always be appropriate. After analyzing the purpose of Ohio's workers' compensation system, the functions performed by lay representatives, and the potential impact of enjoining the nonlawyers, we commented:

{¶ 11} "[W]hile this court unquestionably has the power to prohibit lay representation before an administrative agency, it is not always necessary or desirable for the court to exercise that power to its full extent. The power to regulate includes the authority to grant as well as the authority to deny, and in certain limited settings, the public interest is better served by authorizing laypersons to engage in conduct that might be viewed as the practice of law.

{¶ 12} " * * * Of course, Gov.Bar R. VII is built on the premise that limiting the practice of law to licensed attorneys is generally necessary to protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation. But not all representation requires the level of training and experience that only attorneys can provide, and in certain situations, the protective interest is outweighed by other important considerations." Id. at ¶ 39–40.

{¶ 13} In conclusion, we held that nonlawyers who appeared and practiced in a representative capacity before the Industrial Commission and Bureau of Workers' Compensation in conformance with administrative limitations were not engaged in the unauthorized practice of law. Id. at syllabus.

{¶ 14} Similarly, lay representation has been authorized at unemployment-compensation hearings. *Henize v. Giles* (1986), 22 Ohio St.3d 213, 22 OBR 364, 490 N.E.2d 585, syllabus. In *Henize* we examined the Unemployment Compensation Board of Review's longstanding policy of permitting parties to be assisted by nonlawyers in presenting their claims. We concluded that the proceedings were designed to function as "alternatives to judicial dispute resolution so that the services of a lawyer are not a requisite to receiving a fair hearing and just decision." Id. at 216, 22 OBR 364, 490 N.E.2d 585.

### III

{¶ 15} Although *CompManagement* and *Henize* involved administrative proceedings, the goal of small claims court is similar—to provide fast and fair adjudication as an alternative to the traditional judicial proceedings. For example, attorneys may appear, but are not required to appear, on behalf of any party in small claims matters. R.C. 1925.01(D). Jurisdiction of the small claims division is limited to $3,000, and there is no subject-matter jurisdiction over claims for libel, slander, replevin, malicious prosecution, or abuse of process. R.C. 1925.02(A)(1) and (2)(a)(i). Claims for punitive damages, exemplary damages, and prejudgment attachment are not permitted. R.C. 1925.02(A)(2)(iii) and 1925.07. There is no jury in small claims court. R.C. 1925.04(A). Since claims must be set for hearing within 15 to 40 days after the complaint is filed, cases move quickly. R.C. 1925.04(B). The hearings are simplified, as neither the Ohio Rules of Evidence nor the Ohio Rules of Civil Procedure apply. See Evid.R. 101(C)(8); Civ.R. 1(C)(4). Thus, by design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged. The process is an alternative to full-blown judicial dispute resolution.

{¶ 16} The guide posted by the Cleveland Heights Municipal Court on its website highlights how the small claims division is a different type of forum for claim resolution. It states that lawyers are not needed to file claims:

{¶ 17} "Small Claims Court is designed to handle small matters in the simplest manner possible. You do not need a lawyer to file a small claims action * * *.

{¶ 18} *"An individual, company or corporation may file a claim against another individual, company or corporation."* (Emphasis added). See http://www. clevelandheights court.com/main.html.

{¶ 19} Pearlman argues that the above statement in the Cleveland Heights Municipal Court guide and R.C. 1925.17 permit him to appear on behalf of Roosevelt and Boulevard in the small claims division. Unchanged since its enactment in 1969, R.C. 1925.17 reads: "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. *Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense* in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any· other claim to which the corporation is an original claimant, *provided such corporation does not,* in the absence of representation by an attorney at law, *engage in cross-examination, argument, or other acts of advocacy."* (Emphasis added.) In other words, a corporation may use the small claims court through an authorized lay representative, as long as its activities are confined appropriately.

{¶ 20} The CBA, however, contends that R.C. 1925.17 is unconstitutional as a violation of the separation of powers. It claims that the statute interferes with this court's authority to regulate the practice of law by permitting a nonattorney to represent another in small claims court. The constitutionality of R.C. 1925.17 has been addressed at the appellate level. Compare *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 387, 685 N.E.2d 570 (holding that R.C. 1925.17 is unconstitutional), with *George Shima Buick, Inc. v. Ferencak* (Dec. 17, 1999), Lake App. No. 98–L–202, 1999 WL 1313675 (holding R.C. 1925.17 constitutional), vacated on jurisdictional grounds (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138.[2] In both cases, the question was whether R.C. 1925.2 infringed on our power to regulate the practice of law.

{¶ 21} We note that the legislature has acknowledged our authority in regulating the practice of law. R.C. 4705.01 states:

{¶ 22} "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the

---

2. We later overruled *Ferencak* in *Cleveland Bar Assn. v. Picklo,* 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187.

bar by order of the supreme court in compliance with its prescribed and published rules."

{¶ 23} This enactment shows the deference the General Assembly gives to the court on this issue. Furthermore, by its own terms, R.C. 1925.17 recognizes the need for attorney representation by circumscribing what an authorized corporate representative may do. In the absence of an attorney at law, a corporate representative may not "engage in cross-examination, argument, or other acts of advocacy."

{¶ 24} Rather than view R.C. 1925.17 as intruding on our authority to regulate the practice of law or our rule-making power, we see it as a mere clarification, stating that corporations may use small claims courts as individuals may, i.e., without attorneys, so long as their representatives do not otherwise act as advocates.[3] Pearlman's activities fall squarely within the limits of R.C. 1925.17. As the majority shareholder in his family-owned limited liability company, he was a "bona fide officer" of Roosevelt and Boulevard, filing the type of action that small claims courts allow. He merely filled out preprinted complaint forms that required the name, address, and phone number of the plaintiff and defendant, a statement of the claim, and the amount of the judgment requested. He did not cross-examine witnesses, argue, or otherwise act as an advocate.

{¶ 25} The CBA, however, finally suggests that because the Pearlmans chose to create separate legal entities, they should be required to retain an attorney to represent those separate legal entities. According to the CBA, Pearlman could act pro se if he gave up the corporate form. The argument is interesting, but unpersuasive as it applies to small claims actions.

{¶ 26} In refusing to enjoin Pearlman's activities in the small claims division of municipal court, we recognize an exception, albeit a narrow one, to the general rule that corporations may be represented only by licensed attorneys. R.C. 1925.17 limits what a corporate representative may do. Pearlman observed these limitations. The public is not harmed by Pearlman's actions. In small claims cases, where no special legal skill is needed, and where proceedings are factual, nonadversarial, and expected to move quickly, attorneys are not necessary. We decline to require corporations to hire attorneys to represent them in small claims courts.

IV

{¶ 27} In summary, we hold that a layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability company as a

---

3. R.C. 1925.17 does, however, limit the lay representation of corporations in small claims court to "any bona fide officer or salaried employee."

company officer does not engage in the unauthorized practice of law, provided that the layperson does not engage in cross-examination, argument, or other acts of advocacy.

{¶ 28} Because we conclude that Pearlman's activities in the small claims division do not constitute the unauthorized practice of law, we reject the final report and recommendation of the Board on the Unauthorized Practice of Law and dismiss the case.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 29} The matter presented to our court concerns the separation of powers between the legislative and judicial branches of government, an issue much larger than the requirements for filing a claim for relief in small claims court. At issue here is the provision contained in R.C. 1925.17, where the General Assembly has, in my view, unwittingly trespassed into a field of regulation left to the judicial branch of government, more specifically, the Supreme Court of Ohio pursuant to Section 2(B)(1)(g), Article IV of the Ohio Constitution. This matter concerns the regulation of the practice of law in the state of Ohio, which is the province of the Supreme Court of Ohio, not the Ohio General Assembly.

{¶ 30} The focus of the immediate problem is simple: whether a limited liability company doing business in the state of Ohio can be represented in court by a nonlawyer officer, member, or agent of the company. In considering this case, it is interesting to note that this is not the first time the Supreme Court of Ohio has addressed this issue.

{¶ 31} In *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187, we held that a landlord's agent—who was not licensed to practice law in the state of Ohio—had engaged in the unauthorized practice of law by filing complaints in the Cleveland Municipal Court, Housing Division, for forcible entry and detainer, as well as for the recovery of past-due rents. In *Picklo*, we reiterated that "[o]ur authority to define the practice of law is inherent, and the legislative branch has no right to limit the inherent powers of the judicial branch of the government. Exercising this authority, we have said that the practice of law includes appearing in court on another's behalf and conducting another's case in court." (Citations omitted.) Id. at ¶ 5. See, also, *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, where we held in the syllabus that a "corporation cannot maintain litigation *in propria*

*persona,* or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law."

{¶ 32} Similar to *Picklo,* this case reveals that Alan Pearlman, a 99 percent member of Roosevelt Investments, Ltd. and Boulevard Investments, Ltd., has prepared and filed 13 small claim complaints seeking back rent, late fees, money for damage to units, fees for disposal of abandoned furniture, lease-termination fees, turnover costs, and costs for furniture removal in specified damages, plus ten percent interest and court costs. While each is a claim for an amount less than $3,000, these matters range on a per-claim basis from $1,165 to $2,860.

{¶ 33} In my view, the question of whether Mr. Pearlman has engaged in the unauthorized practice of law should not be determined by the provisions of R.C. 1925.17, because the legislature does not have the authority to regulate the practice of law in the state of Ohio. Neither should it be determined by the court in which he chose to file his case—here, the small claims division of the Cleveland Heights Municipal Court. His choice of forum is irrelevant to the question of whether he has engaged in the unauthorized practice of law. Rather, I would assert that the real issue is whether the complainant is acting in a pro se capacity or in a representative capacity. There should be no doubt whatsoever that only those licensed to practice law in the state of Ohio are authorized to act in a representative capacity in any court of law.

{¶ 34} As we recently stated in *Disciplinary Counsel v. Givens,* 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶ 7:

{¶ 35} "The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A); R.C. 4705.01. Thus, only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf. *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402; *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 673 N.E.2d 1307; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499; and *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650. Moreover, a nonlawyer may not practice law and defend a corporate entity merely because he holds some official corporate position. *Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Servs., Inc.* (2002), 94 Ohio St.3d 509, 764 N.E.2d 1003."

{¶ 36} Here Pearlman chose to conduct his affairs and to operate as a limited liability company, not as a sole proprietor or as a partnership. By choosing to conduct business in that form, he forfeited the opportunity to act in a court of law on behalf of his limited liability company, because a limited liability company is a legal entity capable of suing and being sued in the state of Ohio. R.C. 1705.03(A). Such a company acts only through its officers, members, or agents; and when

it appears in court, it must be represented by counsel. Accordingly, Roosevelt or Boulevard should be required to retain counsel to conduct legal activity in a court of law; the principal member who is not an attorney cannot act in a representative capacity for a limited liability company.

{¶ 37} In the last analysis, it is apparent that R.C. 1925.17 encroaches upon the separation-of-powers doctrine, in that the legislature has interfered with the determination of which parties may act in a representative capacity in courts of law. Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on the Supreme Court original jurisdiction over all matters related to the practice of law, including allegations of laypersons practicing law without a license. To date, the Supreme Court of Ohio has not authorized officers, members, or agents to act on behalf of limited liability companies, even those with single members. Therefore, I would determine R.C. 1925.17 to be unenforceable as an unreasonable intrusion into the realm of the judiciary. For these reasons, I respectfully dissent.

---

Buckley King and John A. Hallbauer; Michael P. Harvey Co., L.P.A., and Michael P. Harvey, for relator.

Hahn, Loeser & Parks, L.L.P., and Deborah A. Coleman, for respondent.

Havens Willis, L.L.C., William L. Willis Jr., and Dimitrios G. Hatzifotinos, in support of respondent, for amicus curiae, Ohio Apartment Association.