OPINION
{¶ 1} Mark Vacca appeals from a judgment of the Miamisburg Municipal Court, Small Claims Division, which awarded him $105 on his claim against Tradin' Post Classifieds.
 {¶ 2} According to the record, this action arose out of two apparent contracts between Vacca and Tradin' Post for the placement of advertisements for Vacca's services as a vehicle electrician. Under the first contract, Vacca agreed to place an advertisement for eight weeks at the cost of $34 per week. As part of that contract, Tradin' Post agreed to provide five free liner ads for the first four weeks. Tradin' Post later notified Vacca that it normally required an eighth of a page ad before it offered free liner ads; Vacca's advertisement was business card size. Vacca received the free liner ads for one week.
 {¶ 3} Vacca and Tradin' Post also discussed entering into a second contract whereby Vacca would place an advertisement for thirty-two weeks at the price of $31 per week. According to Vacca, he was told orally that there would be no penalty for early withdrawal of his ad, but he noticed that the written contract required payment even if the ad were discontinued early. Vacca signed the contract but handwrote "No penalty for early withdrawal from advertising." Marina Wallace, General Manager of Tradin' Post, testified that the company did not agree to Vacca's modification.
 {¶ 4} On January 3, 2005, Vacca filed suit against Tradin' Post, alleging breach of contract and unfair sales practices and seeking $3,000 in damages. A trial was scheduled for February 15, 2005. Tradin' Post failed to appear for the trial, and the magistrate entered judgment in Vacca's favor in the amount of $3,000. The trial court adopted that ruling. Tradin' Post objected to the judgment, indicating that its representative had notified the court prior to trial that she would be unable to attend trial on February 15. The court treated the objection as a motion for relief from judgment and granted the motion. A new trial was scheduled for April 12, 2005. Vacca sought reconsideration of the court's decision to grant Tradin' Post relief from judgment. The trial court did not directly address this motion, and we presume that it was overruled.
 {¶ 5} A trial was held on April 12, 2005, during which Vacca and Wallace testified. At trial, the magistrate indicated that he believed that the 8-week contract was valid but that there had been no meeting of the minds regarding the 32-week contract. At the conclusion of the trial, Vacca requested punitive damages in addition to compensatory damages in the amount of $3,000. On April 14, 2005, the magistrate issued a written decision in which he found in Vacca's favor and awarded $105 plus interest; the decision did not include specific findings of fact and conclusions of law. The trial court adopted the magistrate's ruling.
 {¶ 6} On April 20, 2005, Vacca requested "a review of this case" and requested a modified damages award. He argued that the court should not have vacated its original judgment in the amount of $3,000. He further argued that Tradin' Post's breach resulted in a substantial reduction in his income and that he should have been awarded greater compensatory damages and punitive damages. Vacca supported these assertions with additional information that was not revealed at trial. After reviewing the pleadings, exhibits, and the transcript of the hearing, the trial court "found no error in the Magistrate's Decision" and awarded $105 plus interest to Vacca. The court further stated that "the Magistrate correctly found that there was no meeting of the minds relative to the contract and thus there was no contract." Although the court did not specify, the ruling that no contract existed apparently refers only to the 32-week contract. Vacca sought clarification of this order, which the court denied on the grounds that it lacked jurisdiction.
 {¶ 7} On appeal, Vacca raises three issues. First, he argues that the trial court erred when it granted Tradin' Post relief from judgment and vacated the $3,000 damages award. Second, Vacca claims that the trial court erred when it concluded that there was no contract between Vacca and Tradin' Post. Third, Vacca asserts that the trial court awarded inadequate damages. As discussed below, we find no reversible error in the trial court's ruling.
 {¶ 8} First, Vacca asserts that the trial court should not have granted Tradin' Post relief from the $3,000 judgment. He states that Tradin' Post failed to appear at the first trial date and failed to properly request an extension or to reschedule the trial date.
 {¶ 9} The decision whether to grant relief from judgment is committed to the sound discretion of the trial court, and will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion is shown if the trial court's attitude in rendering its decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} In the present case, the magistrate found that Tradin' Post had shown good cause for relief from judgment. In her February 18, 2005, letter to the court, Wallace wrote that she was the representative for the company and that she had been in an all-day training session on February 15, 2005, the original trial date. Wallace also stated that she had left a message with the court during the week prior to the court date, advising the court that she would be unable to attend the trial on February 15. Wallace further indicated that she followed-up with two telephone calls on February 16 and February 18 to Tina Shane, a court employee, to find out how to proceed. Wallace stated that she learned on February 18 that judgment had been entered against Tradin' Post.
 {¶ 11} Upon review of the record, we cannot conclude that the trial court abused its discretion when it granted Tradin' Post relief from judgment. The court reasonably concluded that Tradin' Post had presented a sufficient justification for its representative's failure to appear at the scheduled trial date and that a new trial was warranted. Although Vacca complains that Tradin' Post was given a "second bite at the apple" and that he was prejudiced as a result, Vacca was given ample opportunity to present evidence of his damages and to justify his request for punitive damages at the second trial. Although Vacca ultimately did not receive the damages that he wanted, we find no error in the trial court's decision to grant Tradin' Post relief from the $3,000 judgment and to award damages based on evidence presented by both parties at a subsequent trial.
 {¶ 12} Second, Vacca claims that the trial court erroneously concluded that there was no contract between Vacca and Tradin' Post. Vacca asserts that the magistrate had concluded that there was a valid contract between Tradin' Post and him. As stated supra, the trial court's ruling awarded $105 to Vacca but further concluded that "the Magistrate correctly found that there was no meeting of the minds relative to the contract and thus there was no contract." The magistrate concluded at trial that the 8-week contract was valid but that there had been no meeting of the minds and thus no contract as to the contract for thirty-two weeks of advertising at $31 per week. Although the trial court did not specify whether it was referring to the 8-week contract or the 32-week contract when it found that no contract existed, upon reading the trial court's ruling as a whole and in conjunction with the exhibits and transcript of the hearing, the court implicitly found that the parties did not enter into the 32-week contract. By finding no error in the magistrate's decision and awarding $105 in damages, the trial court also implicitly found that the 8-week contract had been valid.
 {¶ 13} Based on the evidence presented at trial, the trial court reasonably concluded that the parties did not enter into the 32-week contract. The testimony indicated that Vacca attempted to alter the terms of Tradin' Post's form contract by writing on it that there would be no penalty for early withdrawal of his advertisement. Tradin' Post responded by telling him that he "can't write on here" and that it would not honor the contract. The magistrate reasonably concluded — and the trial court agreed — that the parties had not agreed to terms regarding the early withdrawal of Vacca's advertisement and, thus, no meeting of the minds occurred. We find no error in the trial court's conclusion that Vacca and Tradin' Post had not entered into the 32-week contract.
 {¶ 14} Finally, Vacca claims that the trial court should have awarded $3,000 in compensatory damages, as requested, plus punitive damages. Although neither the magistrate nor the trial court explained its award of $105, that amount apparently represented the cost to purchase the three weeks of liner ads that Vacca had been promised but did not receive. Wallace testified at trial that the cost for five liner ads is $35 per week.
 {¶ 15} At trial, the magistrate asked Vacca how he had arrived at $3,000 for his damages. Vacca responded, in essence, that the more locations that an advertisement appears, the more people would see it and, as a result, the more opportunities he would have had for customers. He stated: "So the reason I am asking for this much is because they are costing me every time that they mislead me, every time that they say they are going to, they make a promise and don't keep it, they are taking away from me having an opportunity to make some money." Vacca did not quantify the number of lost opportunities that he had suffered.
 {¶ 16} In his April 20, 2005, objections to the magistrate's order (styled as a "request [for] a review of this case"), Vacca asserted that each service call resulting from his advertisements in Tradin' Post would have generated at least $88 in income. This information, however, was not presented at trial and we presume that the trial court refused to consider it, Vacca having failed to demonstrate, or even attempt to demonstrate, that with reasonable diligence he could not have produced that information for the magistrate's consideration. Civ.R. 53(E)(4)(b). Furthermore, it is entirely speculative that Vacca's ads would have generated any service calls or, if they had, the number of calls or income attributable to each call.
 {¶ 17} Upon review of the record, we find no fault with the trial court's award of $105 in compensatory damages. The magistrate was informed that it would have cost $105 for Vacca to purchase the three weeks of five liner ads that he had been promised for free. Vacca did not present any evidence at trial of the number of employment opportunities that he lost nor the anticipated income for each of these jobs. Accordingly, any additional damages for lost employment opportunities would have been speculative.
 {¶ 18} The trial court also did not err in failing to award punitive damages. Small claims courts do not have jurisdiction over claims for punitive damages. R.C. 1925.02(A)(2)(a)(iii);Cleveland Bar Assn. v. Pearlman, 106 Ohio St.3d 136,2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15. Although a small claims court may award treble and statutory damages as authorized by R.C. 1345.09(B) and R.C. 1345.48(B), which are provisions of the Consumer Sales Practices Act, Vacca did not seek treble or statutory damages. Moreover, we find no indication in the record that the trial court concluded that Tradin' Post had violated the Consumer Sales Practice Act based on its failure to fulfill its contractual obligation to provide five free liner ads for four weeks.
 {¶ 19} Vacca's assignments of error are overruled.
 {¶ 20} The judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.