OPINION
{¶ 1} Plaintiff-appellant Jean Bevington appeals from the July 28, 2006 Judgment Order of the Ashland Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 15, 2006, appellant Jean Bevington filed a small claims complaint against appellee Sprang Plumbing and Heating, Inc. in the Ashland Municipal Court. Appellant, in documents attached to her complaint, alleged that appellee had, on December 20, 2005, repaired her furnace. Appellant further claimed that she was charged for travel time for appellee's repairman to come to her house for a service call and that she was never advised of this when she initially phoned appellee. Appellant also alleged that appellee had, by failing to advise her of all costs, violated the Ohio Consumer Sales Practices Act. Appellant, in her complaint, sought judgment against appellee in the amount of $135.00 plus interest.
 {¶ 3} A hearing before a Magistrate was held on May 3, 2006. Pursuant to a Magistrate's Decision filed on June 29, 2006, the Magistrate found that appellant had failed to establish any claim against appellee. The Magistrate specifically found that appellee did not commit any deceptive or unfair practices and that appellant "was charged in accordance with their [appellee's] regular practice and the estimate provided to her by Sprang."
 {¶ 4} On July 13, 2006, appellant filed written objections to the Magistrate's Decision. Appellant, however, did not file a transcript of the hearing before the Magistrate. Pursuant to a Judgment Order filed on July 28, 2006, the trial court adopted the Magistrate's Decision. *Page 3 
 {¶ 5} Appellant now raises the following assignments of error on appeal:
 {¶ 6} "I. WHETHER THE DEFENDANT-APPELLEE EXPLAINED THAT TRAVEL TIME WAS INCLUDED IN THE REPAIR PRIOR TO THE REPAIR?
 {¶ 7} "II. WHETHER THE DEFENDANT-APPELLEE WAS IN HAYESVILLE OR ASHLAND?
 {¶ 8} "III. WHETHER THE COURT ERRED BY STATING THERE HAS TO BE FACE TO FACE CONTACT BETWEEN THE CONSUMER AND THE SUPPLIER OR THE SUPPLIER'S REPRESENTATIVE AND THAT THE SERVICE TECHNICIAN IS NOT AN AUTHORIZED REPRESENTATIVE? [SIC]
 {¶ 9} "IV. WHETHER THE COURT ERRED BY ALLOWING TRAVELING TIME AND THAT THIS REPAIR DOESN'T FALL UNDER ANY CONSUMER TRANSACTION.
 {¶ 10} "V. WHETHER SPRANG PLUMBING INC. IS REQUIRED TO BE REPRESENTED BY AN ATTORNEY IN SMALL CLAIMS COURT?"
 I, II IV {¶ 11} Appellant, in her first and second assignments of error, challenges the trial court's finding that appellant was advised that travel time was included in the repair "prior to the start of the repair" and that appellee's repairmen traveled to appellant's house from Hayesville rather than Ashland. In her fourth assignment of error, appellant argues that the trial court erred by failing to find that Sprang violated the Ohio Consumer Sales Practices Act when it did not disclose, prior to the repair, that it would charge for travel time of its repairman.
 {¶ 12} A review of the record below reveals that appellant did not provide the trial court with a transcript of the proceedings when she filed her objections to the *Page 4 
Magistrate's Decision. This Court has consistently held that absent a transcript, the trial court and this Court must presume regularity in the proceedings on any finding of fact made. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 13} Civ.R. 53(D)(3)(b)(iii) and (iv) state as follows, in pertinent part:
 {¶ 14} "An objection to a factual finding, . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available * * * [A] party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 15} In accordance with Civ.R. 53, a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court. Thus, to the extent that appellant challenges any findings of fact, appellant is precluded from arguing any factual determinations on appeal, and has waived any claim that the trial court erred in adopting the magistrate's findings.
 {¶ 16} As appellant failed to provide a transcript as required by Civ.R. 53(D)(3)(b), she cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. The issues raised in appellant's first, second and fourth assignments of error are all factually based and cannot be resolved without reference to the transcript. Because appellant failed to provide a transcript of the proceedings held before the Magistrate with her objections in the trial court, these assignments of error are precluded. *Page 5 
 {¶ 17} Appellant's first, second and fourth assignments of error are, therefore, overruled.
 III {¶ 18} In the third assignment of error, the appellant argues that the trial court erred when it found that the service technician was not an authorized representative of Sprang and, therefore, there was no face to face contact between Sprang and the appellant which would require an estimate to be given to the consumer as set forth in the code section cited by appellant.
 {¶ 19} Assuming arguendo that appellant is correct in her argument, that contact with the service technician was face to face contact with the supplier requiring the estimate procedure set forth in the Consumer Sales Practices Act and the related Ohio Administrative Code Sections, we do not find that appellant is entitled to reversal.
 {¶ 20} Under R.C. 1345.11(A), a supplier shall not pay any attorney fees nor any amounts above actual damages if the supplier shows that a violation of Chapter 1345 resulted from a "bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error. . ."
 {¶ 21} Since there is no transcript for us to consider, we must accept the factual finding of the trial court that "[appellant] was charged in accordance with [Sprang's] regular practice and the estimate provided to her by Sprang. . ." Essentially the trial court found that the appellant had been informed of all charges in advance of the charges being incurred. Thus, the trial court found no actual damages.
 {¶ 22} Without a transcript, we can not determine if appellant was prejudiced by any incorrect application of the law. Appellant must not only establish that the trial court *Page 6 
erred, but must show that the avoidance of such error would have resulted in a different out come. Assuming there was a violation of the law by Sprang in failing to give the estimate in the proper form, the record may reveal, for example, that R.C. 1345.11(A) applies. If it applies, then there are still no damages in spite of a violation of Chapter 1345.
 {¶ 23} Therefore, appellant's fourth assignment of error is overruled.[1]
 {¶ 24} In summary, a central theme of appellant's first four assignments of error is that the trial court erred in finding that appellant had been informed, prior to the repair, that she would be charged for travel time. Without a transcript of the hearing, we must accept the trial court's finding, because we do not know what testimony was presented to the trial court.
 V {¶ 25} Appellant, in her fifth assignment of error, argues that the trial court erred by not requiring a licensed attorney to represent appellee, a corporation, during the proceedings in this case.
 {¶ 26} However, it is unclear from the record before this Court whether or not an attorney appeared on appellee's behalf. We note that no answer was filed by appellee and that the Magistrate's Decision does not indicate who was in attendance at the hearing before the Magistrate. As is stated above, no transcript of the hearing before the Magistrate was filed by appellant. Moreover, appellee did not respond to appellant's *Page 7 
objections to the Magistrate's Decision. In short, we cannot determine from the record whether appellee was represented by counsel or not.
 {¶ 27} Moreover, the Ohio Supreme Court recently held that "[a] layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability company as a company officer does not engage in the unauthorized practice of law, provided that the individual does not engage in cross-examination, argument, or other acts of advocacy. (R.C. 1925.17, construed and applied.)" See Cleveland BarAssn. v. Pearlman, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193. See also R.C. 1925.17 which provides that a corporation through an officer or salaried employee, may appear in a small claims case and present a defense provided that the officer or employee does not engage in cross-examination, argument or advocacy. Without the transcript of the hearing, we cannot tell if a "layperson" represented appellee at the hearing and, if so, whether such individual engaged in cross-examination, argument, or other acts of advocacy. *Page 8 
 {¶ 28} Based on the foregoing, appellant's fifth assignment of error is overruled.
 {¶ 29} Accordingly, the judgment of the Ashland Municipal Court is affirmed.
Edwards, J. Gwin, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.
[1] There are other possible analyses for this assignment. For example, travel time had already been incurred when the service technician arrived at appellant's house, and per the trial court, appellant had already been informed that she would be charged for this. We do not discuss whether or not this charge then also must be included in any estimate that may have been required to be given to appellant at the house for repairs, because we have disposed of this assignment on other grounds. *Page 1