[Cite as *Milligan v. Morell*, 2013-Ohio-2868.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HAROLD L. MILLIGAN, JR. | ) | CASE NO. 11 MA 188 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TINA MORELL, AUDITOR | ) | |
| CITY OF STRUTHERS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Struthers Municipal Court of Mahoning County, Ohio Case No. CVI 1100192

JUDGMENT:    Modified.

APPEARANCES:

For Plaintiff-Appellee:    Harold L. Milligan, Jr., Pro se
623 W. Harvey Street
Struthers, Ohio 44471

For Defendant-Appellant:    Atty. Carlo A. Ciccone
Suite 1000, Reisman's Theater Building
42 S. Main Street
Niles, Ohio 44446-5012

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 20, 2013

WAITE, J.

**{¶1}** Appellant Tina Morell, Auditor of the City of Struthers ("Auditor"), appeals the ruling of the Campbell Municipal Court in a small claims action. Appellee Harold L. Milligan, Jr. (former fire chief of Struthers) filed the *pro se* action to recover an underpayment in his final paycheck after he had retired on June 23, 2011. Appellee had worked as the fire chief for 31 years.

**{¶2}** Appellee filed a small claims action in Struthers Municipal Court on July 21, 2011, to collect the unpaid portion of his salary from 2011. It was transferred to Campbell Municipal Court on August 4, 2011. A bench trial was held on September 13, 2011. Both parties acted *pro se* at the trial court level, but on appeal, Auditor is represented by counsel. There is no transcript of the bench trial in the record but numerous documents filed at trial are part of the record. The trial court awarded Appellee a portion of the judgment he sought: $1,223.29 plus interest of 4% from the date of judgment, plus costs, in an entry dated September 30, 2011. This timely appeal followed.

**{¶3}** Auditor argues that Appellee was overpaid $595.58 from 1980 through 2004, and that this explains the underpayment in his final paycheck. A review of the pertinent law reveals that Auditor's argument is not persuasive and is not supported by the record. Based on information in the record submitted by both parties, Appellee was actually underpaid by the city in the amount of $2,401.46. Thus, while we hereby affirm the underlying judgment granted to Appellee, we must modify the trial court's judgment and enter judgment for Appellee for $2,401.46, as well as 4%

interest on the judgment as of the date of the trial court's judgment entry, which was September 30, 2011, plus court costs.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN RULING FOR THE PLAINTIFF AND AWARDING SAID PLAINTIFF ANY FORM OF REMUNERATION PAYABLE BY THE CITY OF STRUTHERS.

**{¶4}** Auditor argues on appeal that the decision of the trial court is against the manifest weight of the evidence. Auditor claims that the judgment entry should be changed to reflect operation of the city salary ordinances and that the amount withheld from Appellee's final pay was due to an alleged overpayment of $595 made to Appellee from 1980 to 2004. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), at syllabus.

**{¶5}** We are mindful of the oft cited principle that "rules of procedure are relaxed in small claims court." *Sammartino v. Eiselstein*, 7th Dist. No. 08 MA 211, 2009-Ohio-2641, ¶10. Small claims court is an informal forum designed to resolve disputes expeditiously and with minimal cost to the parties. *Melcher v. Ryan*, 7th Dist. No. 05 BE 40, 2006-Ohio-4609, ¶9. *Pro se* participation is expected and encouraged, and the court may assist *pro se* parties to some extent if the opportunity arises. *Cleveland Bar Association v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶15. We failed to notify Appellee of his right to file a cross

appeal in this matter pursuant to App.R. 4(B)(1), and he has not attempted to file a cross-assignment of error. Nevertheless, he respectfully argued that he, like Auditor, believes the amount of the trial court's judgment is incorrect and requests that we correct this payment on appeal. Appellee's stance, however, is that the trial court's judgment understates what Appellee was owed by the city. Because Auditor has directly challenged the monetary amount of the judgment and urges us to apply the correct law, the city salary ordinances, and proper payroll accounting to determine whether the judgment in this matter is erroneous, we conclude that it is within our jurisdiction to modify the amount of judgment to reflect the law and facts presented, even though the trial court's underlying decision to grant judgment to Appellee appears to be correct and must be affirmed.

{¶6} The parties have essentially stipulated that Appellee's base annual salary for 2011 was $51,418, as stated in Struthers City Ordinance 08-035. The parties agree that Appellee worked full time in 2010 and 2011. The parties agree that Appellee retired on June 23, 2011. The record reflects and the parties further agree that Appellee was owed $24,511.38 in the calendar year 2011 for 174 days of work. Appellee was paid on an accrual basis, divided into 14-day periods, with each paycheck issued 10 days after the end of the pay period. The parties agree that Appellee's base pay for each two-week pay period in 2011 was $1,977.67. According to these stipulated facts (all of which appear to be undisputed and on which Auditor relies in her brief on appeal), this record reveals that Appellee was underpaid in the total amount of $2,401.46 in his final two paychecks in 2011. He

was underpaid by $1,198.33 for the pay period covering June 1 to June 14, 2011. He was not paid any salary at all, as far as we can tell from this record, for the last nine working days before his retirement, from June 15 through June 23, 2011. Based on the undisputed annual salary amount, Appellee was owed another $1,203.13 for this final pay period. Thus, the starting point for any review as to how much Appellee was owed, according to the facts as presented by both parties, is $2,401.46.

**{¶7}** The record contains a payroll audit, prepared by Auditor in 2006, that contains a note that Appellee may have possibly been overpaid $595 over the course of his employment, but states that "due to the length of employment, complexity and unavailable of [sic] information, the amounts given here are based on available information and may need further review." (Payroll Audit As Directed Per Resolution 06-092, p. 4.)

**{¶8}** The record also contains a "Notice of Proposed Finding" from the Auditor of State addressed to the city and Appellee, dated March 13, 2006. This notice states that Appellee may have been overpaid by Struthers, and that if an actual finding for recovery were issued, counsel for Struthers "has the discretionary authority to institute legal proceedings to collect the amount alleged to be due the public office." (3/13/06 Letter, p. 1.) Nowhere does this notice authorize the City of Struthers to simply deduct money from any of Appellee's paychecks. Importantly, on October 31, 2006, the city and Appellee received another letter from the Auditor of

State stating that the notice of proposed finding had been withdrawn. Apparently, the State of Ohio ultimately concluded that Appellee had not been overpaid.

**{¶9}** If Struthers disagreed, the city's recourse was to follow the direction of the Auditor of State and file a civil action to collect the alleged overpayment. Appellee would then have been given a fair opportunity to raise defenses (such as the statute of limitations for a contract action) that may have defeated Auditor's 31-year old claim for overpayment. Auditor did not file an action to collect the overpayment, nor did she file a counterclaim in Appellee's small claims action. Thus, Appellee was not even afforded an opportunity to prepare a proper defense to Auditor's argument about the alleged overpayment. We find no legal basis to justify Struthers using what appears to be a form of self-help when it reduced Appellant's final paychecks to collect a clearly disputed amount of alleged overpayments.

**{¶10}** Auditor seems to be concerned that the award to Appellee will create a bad precedent for other retiring employees, because the judgment forces Struthers in some manner to violate its local ordinances setting salary rates. Auditor concedes that Appellee was owed $24,511.38 for the time he worked in 2011. Auditor contends that Appellee's paychecks that were actually issued in calendar year 2011 and that, when totaled together, should equal $24,511.38. Auditor argues that this is the proper way to calculate the amount owed to Appellee for the 174 days he worked in 2011 -- simply add up the paychecks issued in 2011. There is no merit to this argument. The record does reflect that Appellee was paid on an accrual basis, so the date on which his paycheck was issued had nothing to do with the time period

covered by the paycheck. A number of Struthers' pay ordinances are found in the record. None of them require a specific type of accounting system to be used, prohibit accrual accounting, or require that each dollar owed to a salaried employee be physically delivered to each employee within the calendar year for which that salary is authorized. Struthers was free to develop and use any accounting system it desired to pay its employees, and Appellees apparently have been paid on an accrual basis for many years. Employees' paychecks were issued 10 days after the close of each 14-day pay period. Thus, the first two paychecks issued in 2011 covered 17 days of work from 2010. These 17 days should not have been treated as though they were part of Appellee's 2011 salary. Struthers cannot rely on a different accounting system (in effect, a cash based system) to calculate Appellee's final paychecks without also determining whether Appellee was actually paid for each day he worked in 2011 and each year of previous employment.

{¶11} Because Auditor has conceded on appeal all the necessary facts to determine the amount Appellee should have been awarded by the trial court and this award appears to conform to the relevant law, Struthers' pay ordinances, and with the accrual accounting system used to pay Appellee in 2011, at least, we hereby modify the trial court's judgment accordingly. There is no basis for Auditor's argument than an additional $595 should be deducted from the lawful amount of the judgment to take into account an alleged overpayment from 1980 to 2004. Auditor and the city were not authorized to resort to self-help to collect this overpayment. Instead, Auditor was required to rely on the legal remedies available to the city as it

was directed by the Auditor of State if it contested the Auditor's determination. We hereby affirm the trial court's decision in favor of Appellee but modify the trial court's judgment and enter judgment in favor of Appellee, Harold L. Milligan, Jr., in the amount of $2,401.46, as well as 4% interest on the judgment as of the date of the trial court's judgment entry (from September 30, 2011), plus court costs of the small claims action. Costs of the appeal charged to Appellant.

Vukovich, J., concurs.

DeGenaro, P.J., dissents; see dissenting opinion.

DeGenaro, P.J., dissents.

{¶12} The trial court's decision should be affirmed as we do not have jurisdiction to modify the decision. Appellee did not file a notice of cross appeal, yet argues for modification of the trial court's judgment. App.R. 3( C) provides:

*(1) Cross appeal required.* A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.

*(2) Cross appeal not required.* A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal.

{¶13} Appellee is not merely arguing that the trial court's decision should be affirmed; rather, he is arguing it is incorrect, and seeking a modification. He makes his argument not to defend the trial court's judgment; to protect it with a shield; instead he argues it is incorrect, attacking it with a sword. The Second District's decision in *Yates v. Kanani*, 2nd Dist. No. 23492, 2010-Ohio-2631 is directly on point:

In his appellee's brief, Kanani, pro se, argues that the trial court should have offset his award by only $530, the amount of Yates's security deposit, rather than award double damages to Yates. We understand Kanani's argument; however, in order for this Court to have jurisdiction over Kanani's claim of error, Kanani was required to file a notice of cross appeal. Under App.R. 3(C), a notice of cross appeal must be filed by a party "who intends to defend a judgment or order against an appeal taken by an appellant *and who also seeks to change the judgment or order * * *.*" (Emphasis added.) Kanani did not file a

notice of cross-appeal in this case. Accordingly, we lack jurisdiction to determine the error that Kanani claims.

*Id.,* ¶32.

**{¶14}** We likewise lack jurisdiction to modify the trial court's decision here. That Auditor and Appellee are both arguing the amount of the trial court's judgment is incorrect, that they both are wielding the same sword, is irrelevant. Only Auditor can seek reversal or modification of the trial court's entry because it preserved the opportunity to do so by filing a notice of appeal, whereas Appellee did not.

**{¶15}** This court has recognized the distinction between an Appellee using an assignment of error or argument to shield a trial court judgment as opposed to using it as a sword to modify or reverse it:

In a civil suit, a party has no standing to cross appeal a final judgment on the merits in its favor but may advance an assignment of error as appellee to prevent reversal of the final judgment that was in its favor. *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1; R.C. 2505.22; App.R. 3(C). These rules allow an appellee who has not filed a notice of appeal from a trial court's decision to assign error to the trial court's actions. *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160; *Parton v. Weilnau* (1959), 169 Ohio St. 145. Significantly, however, these errors may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment. *Id.* In other words, such assignments of error may be used only for the limited purpose of preventing the reversal of the judgment under review. *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324.

*Holstein v. Ohio Valley Vulcanizing, Inc.,* 7th Dist. No. 06 BE 41, 2007-Ohio-3329, ¶35.

**{¶16}** Here, Appellee is using his argument as a sword, urging us to modify the trial court's judgment, which we lack the jurisdiction to do. He is not attempting to raise a conditional assignment of error as a shield, urging us to affirm the trial court's judgment, as the appellee in *Holstein* did. Although we did not address the merits of the Appellee's conditional assignment of error because we affirmed the decision within the context of Appellant's assigned error; we nonetheless articulated the distinction between the appropriate mechanisms available to an appellee when seeking to defend or modify a judgment in their favor.

**{¶17}** Accordingly, I would affirm the judgment of the trial court.