[Cite as *Groll Furniture Co. v. Epps*, 2009-Ohio-3533.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


GROLL FURNITURE CO.,

    PLAINTIFF-APPELLEE,                      CASE NO.  9-09-13

    v.

RICHARD EPPS, ET AL.,                O P I N I O N

    DEFENDANTS-APPELLANTS.


Appeal from Marion Municipal Court
Trial Court No. 08CV2410

Judgment Affirmed

Date of Decision:    July 20, 2009


APPEARANCES:

    *Richard M. Epps*  for Appellants

    *Frederick M. Issac and Brandi L. Dorgan* for Appellee

Case No. 9-09-13

**ROGERS, J.**

{¶1} Defendant-Appellants, Richard and Beverly Epps, appeal the judgment of the Marion County Municipal Court granting judgment in favor of Groll Furniture Co. On appeal, the Epps argue that the Marion County Municipal Court lacked subject matter jurisdiction; that venue was not proper in Marion County; and, that Groll Furniture's corporate officer did not sufficiently demonstrate her status as a bona fide officer pursuant to R.C. 1925.17. Based upon the following, we affirm the judgment of the trial court.

{¶2} In October 2008, Pamela Riley filed a complaint/affidavit in the Marion County Municipal Court on behalf of Groll Furniture, stating that the Epps owed an outstanding balance of $1,196.44 to Groll Furniture for a desk/hutch unit that had been in their possession since November 2007. Riley indicated that she was filing on behalf of Groll Furniture by checking a box on the complaint/affidavit designating herself as a bona fide officer of the company.

{¶3} In December 2008, the matter proceeded to trial before a magistrate. Although the Epps did not provide this Court with a transcript of the trial, the magistrate's proposed decision reveals that, at trial, the Epps contended that, because their furniture was delivered so quickly, they believed the pieces were already in stock at Grolls and were not specially built for them as requested. Additionally, the Epps contended that Riley failed to prove her corporate capacity;

-2-

that "Groll Furniture Co." lacked capacity to bring a claim because they purchased the furniture from "Grolls Fine Furniture"; and, that the matter regarded a breach of contract claim that occurred in Franklin County, when payment was not made upon delivery. Groll Furniture responded by producing factory shipping records reflecting that the pieces were specially ordered and not shipped from its existing sales stock.

{¶4} Thereafter, the magistrate determined that the undisputed facts were that Groll Furniture Co. was registered under the trade name "Grolls"; that, in October 2007, at Grolls' showroom, the Epps purchased a new entertainment center and hutch via special order; that both pieces were delivered to the Epps in November 2007; that, at the time of delivery, the Epps noted problems with both of the pieces, and Grolls did not require the Epps to pay the balance upon delivery because of the problems; that the entertainment center was eventually corrected to the Epps' satisfaction and they completed payment for that piece in May 2008; and, that the Epps remained dissatisfied with the hutch and refused to pay the balance of $1,196.44 claimed by Grolls. The magistrate concluded that the pieces of furniture were not taken out of Grolls' existing stock, but were appropriately ordered from the factory per the Epps' request; that Riley demonstrated that she was the president of Grolls through her own sworn testimony; that the Epps presented no evidence suggesting Riley was not the president of Grolls; that Grolls

had capacity to sue for the debt in question because the designation "fine furniture" was merely a byline for "Grolls," a properly registered trade name of Groll Furniture; and, that venue was appropriate in Marion County because payment was due to Grolls in Marion County once the pieces were corrected. Accordingly, the magistrate recommended the trial court grant judgment in favor of Grolls and against the Epps in the amount of $1,196.44.

{¶5} In January 2009, the Epps filed objections to the proposed decision of the magistrate, arguing that Riley's testimony that she was a bona fide officer of a corporation was insufficient under R.C. 1925.17; that Franklin County was the proper venue for the action because the breach occurred in Franklin County; and, that Riley lacked capacity to sue because she testified that Grolls was out of business by summer 2008. Thereafter, the trial court overruled the Epps' objections, finding that the magistrate made no errors of law. Additionally, the trial court adopted the decision of the magistrate and ordered the Epps to pay Grolls $1,196.44, with interest at the statutory rate of 5% from the date of the judgment.

{¶6} It is from this judgment that the Epps appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE LOWER COURT DID NOT HAVE SUBJECT MATTER JURISDICTION OF THIS CASE UNDER THE DEFINITION**

**OF SUBJECT MATTER JURISDICTION SET FORTH IN CHEAP ESCAPE COMPANY INC. VS. HADDOX, LLC 120 OHIO ST.3D 493 (DEC. 11, 2008).**

*Assignment of Error No. II*

**THE MARION COUNTY MUNICIPAL COURT ERRED AS A MATTER OF LAW IN HEARING THIS CASE BECAUSE VENUE WAS NOT PROPER IN MARION COUNTY; PROPER VENUE OF THE CASE WAS IN FRANKLIN COUNTY.**

*Assignment of Error No. III*

**THE MARION MUNICIPAL COURT ERRED AS A MATTER OF LAW BY ALLOWING PLAINTIFF TO FILE A CLAIM IN THE SMALL CLAIMS DIVISION WITHOUT REQUIRING PLAINTIFF, AS AN ELEMENT OF PLAINTIFF'S CLAIM, TO ESTABLISH THAT GROLL'S FURNITURE COMPANY WAS REPRESENTED BY A BONA FIDE OFFICER OF THE CORPORATION.**

**{¶7}** Due to the nature of the Epps' arguments, we elect to address their first and second assignments of error together.

*Assignments of Error Nos. I & II*

**{¶8}** In their first and second assignments of error, the Epps contend that the Marion County Municipal Court lacked subject-matter jurisdiction over this case and that Franklin County was the appropriate venue instead of Marion County. Specifically, the Epps cite *Cheap Escape Co., Inc. v. Haddox, LLC*, 120 Ohio St.3d 493, 2008-Ohio-6323, for the proposition that subject-matter jurisdiction is limited to the court with territorial connection to the relevant events,

which here, they contend, the only relevant event was the breach of contract, occurring in Franklin County. We disagree.

{¶9} Whether a trial court has subject-matter jurisdiction over a case is a question of law reviewed de novo. *Jones v. Jones*, 179 Ohio App.3d 618, 2008-Ohio-6069, ¶19, citing *Radcliffe v. Radcliffe*, 3d Dist. No. 6-01-05, 2001-Ohio-2332. When determining a question of law de novo, this Court may substitute, without deference, its judgment for that of the trial court. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346.

{¶10} "'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" *Cheap Escape*, 120 Ohio St.3d at 495, quoting *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87. The subject-matter jurisdiction of municipal courts is set forth statutorily by R.C. 1901.18, providing, in pertinent part:

> **(A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:**
> **\* \* \***
> **(3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal**

**and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract[.]**

R.C. 1901.18(A)(3); See, also, *Cheap Escape*, 120 Ohio St.3d at 495.

{¶11} In *Cheap Escape*, the Supreme Court of Ohio recently clarified R.C. 1901.18, finding that "the phrase 'original jurisdiction within its territory in all of the following actions' means that a municipal court may hear only those matters listed in R.C. 1901.18(A)(1) through (12) that have a territorial connection to the court." 120 Ohio St.3d at 497.

{¶12} In *Cheap Escape*, the Supreme Court concluded that the Franklin County Municipal Court lacked subject-matter jurisdiction over a contract dispute. In that case, both parties agreed that all of the events relevant to the transaction occurred outside of Franklin County, and that the only connection to Franklin County was a forum-selection clause in the contract, which provided that the proper venue for litigation was with the Franklin County Municipal Court or Franklin County Common Pleas Court. The Supreme Court held that R.C. 1901.18(A) "limits municipal court subject-matter jurisdiction to actions or proceedings that have a territorial connection to the court. Because the parties admittedly did not have territorial connections to the Franklin County Municipal Court, the court lacked subject-matter jurisdiction in [the] matter." 120 Ohio St.3d at 498.

**{¶13}** We find the facts before us to be clearly distinguishable from *Cheap Escape*. Here, the transaction at issue had multiple territorial connections to Marion County, including that Grolls was located in Marion County, and that the parties entered into the agreement to purchase furniture at Grolls' showroom in Marion County. See, also, *Cheap Escape Co. v. Tri-State Constr., LLC,* 173 Ohio App.3d 683, 2007-Ohio-6185 (finding subject matter jurisdiction existed in Franklin County, where the parties executed the contract, as distinguished from *Cheap Escape v. Haddox*, supra, where no relevant events occurred in Franklin County). Thus, we conclude that the trial court did not err in finding that the Marion County Municipal Court had subject-matter jurisdiction over this action.

**{¶14}** Next, we turn to the Epps' argument that the Marion County Municipal Court was an inappropriate venue. "'[V]enue connotes the locality where the suit should be heard.'" *Motorists Mutual Ins. Co. v. Grimes*, 5th Dist. No. 2003CA00257, 2004-Ohio-1287, ¶23, quoting *Morrison*, 32 Ohio St.2d at 87. "'Venue is proper when the plaintiff chooses a court located in any county described in the first nine provisions of Civ.R. 3(B).'" Id., quoting *Soloman v. Excel Marketing, Inc*. (1996), 114 Ohio App.3d 20, 25. Civ.R. 3(B) provides, in pertinent part:

> **Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, "county," as used in this rule, shall be construed, where**

> **appropriate, as the territorial limits of those courts. Proper venue lies in *any one or more* of the following counties:**
> **\* \* \***
> **(3) A county in which the defendant conducted activity that gave rise to the claim for relief;**
> **\* \* \***
> **(6) The county in which all or part of the claim for relief arose[.]**
> **\* \* \***

(Emphasis added).

{¶15} Under Civ.R. 3(B)(3) and 3(B)(6), courts have held that, where a contract dispute is at issue, venue lies in the territory in which the contract was formed between the parties. *Morrison*, 32 Ohio St.2d at 89; *Jade, Inc. v. Mathews*, 5th Dist. No. 07 CA 38, 2008-Ohio-4762, ¶46; *Stern v. Cleveland Browns Football Club, Inc.*, 11th Dist. No. 95-L-196, 1996 WL 761163. Here, the magistrate found that the Epps purchased a new entertainment center and hutch at the Grolls' showroom, which was located in Marion County. The Epps did not dispute this finding in their objections to the magistrate's proposed decision. Accordingly, as the Epps entered into the agreement to purchase the furniture in Marion County, the trial court did not err in concluding that the Marion County Municipal Court was a proper venue.

{¶16} We note that the Epps are correct in their assertion that venue would be appropriate in Franklin County, as this was their county of residence and the breach may have occurred there. See Civ.R. 3(B). However, Civ.R. 3(B) clearly provides that proper venue may lie in more than one county. Thus, the fact that

Franklin County would have been an appropriate venue under Civ.R. 3(B) does not preclude Marion County from being an appropriate venue.

{¶17} Accordingly, we overrule the Epps' first and second assignments of error.

*Assignment of Error No. III*

{¶18} In their third assignment of error, the Epps contend that the trial court erred by allowing Riley to file a claim in the small claims division without requiring her to establish that she was a bona fide officer of Grolls. Specifically, the Epps argue that a corporate officer presenting a claim in the small claims division must demonstrate she is a bona fide officer under R.C. 1925.17 by means other than her own sworn testimony, such as by submitting a writing or some documentation. We disagree.

{¶19} R.C. 1925.17[1] provides that:

**A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law,**

---

[1] We note that several courts previously held R.C. 1925.17 to be unconstitutional, including *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, and *Norwalk MK, Inc. v. McCormick*, 6th Dist. No. H-04-041, 2005-Ohio-2493, abrogation recognized by *Sarcom, Inc. v. 1650 Indian Wood Circle*, Ltd., 6th Dist. No. L-05-1115, 2005-Ohio-6139; however, the Supreme Court of Ohio has since held that the statute is not unconstitutional under the narrow circumstances it sets forth. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107.

> **engage in cross-examination, argument, or other acts of advocacy.**

{¶20} In this case, no evidence contradicted Riley's testimony that she was Grolls' president, and we find that the trial court did not err in accepting her sworn testimony as satisfaction of R.C. 1925.17. R.C. 1925.17 does not require any specific evidence, and the Epps cite no case law or other statute requiring such an officer to present any evidence other than her own sworn testimony to establish herself as a bona fide officer pursuant to R.C. 1925.17. Furthermore, the Sixth Appellate District has found the bona fide officer requirement to be satisfied based upon the officer's sworn testimony. See *Norwalk MK, Inc. v. McCormick*, 170 Ohio App.3d 147, 2006-Ohio-4640, ¶14; *Sarcom, Inc. v. 1650 Indian Wood Circle*, Ltd., 6th Dist. No. L-05-1115, 2005-Ohio-6139, ¶16. For these reasons, we decline to adopt the Epps' proposed rule that the officer must submit a writing or documentation as evidence of her bona fide status.

{¶21} Accordingly, we overrule the Epps' third assignment of error.

{¶22} Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**