[Cite as *Beckett v. Wisniewski*, 2009-Ohio-6158.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

JENNIFER BECKETT, DBA,
LEGAL NURSE STRATEGIES, LLC,

    PLAINTIFF-APPELLEE,                   CASE NO.  5-09-17

    v.

MARSHALL D. WISNIEWSKI,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Findlay Municipal Court
Trial Court No. 09-CV-100489

**Judgment Affirmed**

Date of Decision:    November 23, 2009

APPEARANCES:

    *Marshall D. Wisniewski,* **Appellant**

    *Dawn T. Christen*  **for Appellee**

**WILLAMOWSKI, J.,**

{¶1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶2} Defendant-Appellant, Marshall D. Wisniewski ("Appellant"), appeals the judgment of the Municipal Court of Findlay, Small Claims Division, finding in favor of Plaintiff-Appellee, Jennifer Beckett, dba Legal Nurse Strategies, LLC ("Appellee"), and ordering payment for professional services rendered. Appellant claims that the trial court abused its discretion when it denied his motion to have the cause removed to the general division of the court. For the reasons set forth below, the judgment is affirmed.

{¶3} Ms. Beckett is a registered nurse and the owner of Legal Nurse Strategies, LLC, a consulting firm that specializes in assisting attorneys with medical, nursing and health related issues. On February 27, 2009, Appellee, pro se, filed a complaint in the small claims division against Appellant, claiming that he owed $950 on an account for work that Appellee had performed for him in 2008. Appellant was served on March 2, 2009, and a hearing was set for April 7, 2009. Appellant, an attorney who is representing himself in this matter, did not file an answer to the complaint nor did he file a Civ.R. 12(B) motion alleging lack of jurisdiction or improper venue.

{¶4} On April 2, Appellant filed a Motion for Removal to the general division of the court, along with an affidavit verifying that the matters set forth in the motion were true and accurate. Appellant requested a transfer to the general division, pursuant to R.C. 1925.10(B) stating only that he had "good and valid defenses" to the action. Appellant denied he entered into an agreement as alleged by Appellee and claimed that the court lacked "territorial jurisdiction" over the claim.

{¶5} On April 3, 2009,[1] the trial court overruled Appellant's motion setting forth the following rationale.

> **This case involves a small monetary claim and simple legal issues. This is the kind of claim that should be resolved in the small claims court. The small claims magistrate can competently address these issues, including jurisdiction issues, quickly and at minimal expense.**

{¶6} The hearing was held as scheduled on April 7, 2009. Appellant failed to appear and the magistrate rendered a decision in favor of Appellee in the amount of $950, plus 5% interest and costs. Appellant did not file any objections to the Magistrate's Decision and the trial court entered a judgment pursuant to the magistrate's recommendations on April 23, 2009.

{¶7} On May 11, 2009,[2] Appellant filed a Civ.R. 60(B) Motion for Relief

---

[1] Appellant states that the Certificate of Service stated that decision was placed in the mail on Friday, April 3, 2009, but he claims that he did not receive it until after the hearing.

[2] Appellant claims that his motion was mailed on April 27, 2009, but was not time-stamped until May 11th.

from Judgment, arguing that the judgment was void ab initio because the trial court lacked subject matter, territorial, and personal jurisdiction; and, the denial of his motion to remove was an abuse of discretion. Appellee filed a response and Appellant filed a Motion to Strike her response and supporting affidavit, arguing that such constituted the unlicensed and unauthorized practice of law.

{¶8} On May 14, 2009, the trial court issued a judgment entry noting that "the defendant did not file a motion to dismiss for lack of jurisdiction, but only asserted this as a potential defense." The trial court further suggested that "any error was invited by the defendant by failing to assert his defenses at the small claims hearing and failing to object to the magistrate's decision." However, "in the interests of justice," the trial court allowed a hearing on the motion to vacate, which was scheduled for June 15, 2009.

{¶9} Because the time for appeal would have run prior to the hearing, Appellant filed his Notice of Appeal on May 26, 2009. The trial court subsequently overruled the Motion to Vacate because the notice of appeal removed the matter from the trial court's jurisdiction. Appellant raises the following two assignments of error for our review.[3]

---

[3] Appellee asserts that this Court does not have jurisdiction to decide this appeal due to Appellant's failure to submit his brief within the required time frame. Appellant was required to file his brief on or before July 6, 2009. He filed a motion for extension of time, and this Court granted an extension until July 27, 2009. Appellee argues that the appeal should be dismissed because Appellant's brief was time-stamped as being filed on July 31, 2009. We note, however, that the brief was *mailed* and postmarked on July 29, 2009. Pursuant to App.R. 13(A), briefs are deemed filed on the day of mailing. Although this was still two days late, in the interests of justice we will ratify the late filing and determine the case on its merits.

**First Assignment of Error**

**The trial court abused its discretion when, despite his compliance with Section 1925.10(B) Revised Code, it denied Appellant's Motion for Removal of this small claims complaint to the regular division of its docket.**

**Second Assignment of Error**

**The trial court's denial of Appellant's Section 1925.10(B) Revised Code Motion for removal to the general division of Findlay Municipal Court was a violation of his right to a jury trial under Section 5, Article I, of the Ohio Constitution.**

{¶10} Both of Appellant's assignments of error contend that the trial court erred by not granting his motion to remove the case to the general division of the Findlay Municipal Court. Small claims courts are established under R.C. 1925 et seq. and have limited civil jurisdiction, primarily for the recovery of money and taxes in amounts not exceeding three thousand dollars. See R.C. 1925.02(A)(1). The basic statutory purpose of small claims court is to provide a "simple, inexpensive and just way for individuals to resolve small financial disputes with a minimum of legal technicalities." (Citations omitted.) *Miller v. McStay*, 9th Dist. No. 23369, 2007-Ohio-369, ¶12. Attorneys may appear, but are not required to appear, on behalf of any party in small claims matters. R.C. 1925.01(D). There is no jury in small claims court. R.C. 1925.04(A). "The goal of small claims court is *** to provide fast and fair adjudication as an alternative to the traditional judicial

proceedings." *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 832 N.E.2d 1193, 2005-Ohio-4107, ¶15.

{¶11} If the amount in controversy before the small claims court exceeds three thousand dollars, R.C. 1925.10(A) provides that the matter shall be transferred to the regular docket of the court upon the motion of the court. If a party wishes to transfer a case from the small claims division for other reasons, R.C. 1925.10(B) sets forth the procedure for transfer upon the motion of a party:

> **In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury.**

A transfer under R.C. 1925.10(B) is left to the discretion of the trial court. Id. To demonstrate an abuse of discretion warranting a reversal on appeal, an appellant must establish the trial court committed more than an error of law or judgment and that its decision was unreasonable, arbitrary or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶12} In his first assignment of error, Appellant claims that the trial court abused its discretion when it denied his motion to transfer this matter to the

general division. In his motion to transfer, Appellant stated that "he has good and valid defenses"[4] to the action and that the court lacked territorial jurisdiction over the claim. On appeal, however, Appellant makes the argument that the trial court should have recognized the problems that were "inherent in the case" and allowed the transfer. Appellant argues that because Ms. Beckett was appearing pro se on behalf of her limited liability corporation, any advocacy or fact finding based upon the presentation of evidence would have constituted the unauthorized practice of law.

{¶13} Under Ohio law, a corporation can maintain litigation or appear in court only through an attorney and may not do so through an officer of the corporation or any other appointed agent. *Union Savings Assn. v. Home Owners Aid* (1970), 23 Ohio St.2d 60, 262 N.E.2d 558. However, an exception to this rule is provided in R.C. 1925.17 which allows a corporation, through an officer or employee, to file and present a claim or defense in any action in a small claims court division arising from a claim based on a contract to which the corporation is a party. *Groll Furniture Co. v. Epps*, 3d Dist. No. 9-90-13, 2009-Ohio-3533, ¶19.

{¶14} The Ohio Supreme Court recently discussed this matter, stating that "by design, proceedings in small claims courts are informal and geared to allowing

---

[4] We note that R.C. 1925.10(B) requires an affidavit stating that a good defense to the claim exists "setting forth the grounds of the defense." Appellant provided a statement that a good defense to the claim exists with a minimal statement setting forth the two grounds of the defense, neither of which form any basis of this appeal.

individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged." *The Cleveland Bar Assoc. v. Pearlman*, supra, 2007-Ohio-4107, at ¶15. As to the role of a non-attorney appearing on behalf of a corporation in the small claims division, the Ohio Supreme Court further stated that "corporations may use small claims courts as individuals may, i.e., without attorneys, so long as their representatives do not otherwise act as advocates." Id. at ¶24. The Court further explained:

> **In small claims cases, where no special legal skill is needed, and where proceedings are factual, nonadversarial, and expected to move quickly, attorneys are not necessary. We decline to require corporations to hire attorneys to represent them in small claims courts.**
>
> **In summary, we hold that a layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability company as a company officer does not engage in the unauthorized practice of law, provided that the layperson does not engage in cross-examination, argument, or other acts of advocacy.**

Id. at ¶¶26-27. See, also, *Groll Furniture Co.*, supra, 2009-Ohio-3553, at ¶19.

{¶15} Appellant argues that the trial court should have foreseen or guessed that Appellee would advocate on behalf of her corporation by the pleadings in the matter. This argument is purely speculative and also suggests that the trial court could not control the manner of testimony and presentation of evidence. Ohio courts recognize that a small claims court is a "layman's forum" and it is the responsibility of the trial court "to control the manner in which testimony is

elicited." *Mechler v. Ryan*, 7th Dist. No. 05 BE 40, 2006-Ohio-4609, ¶29. The trial court was aware of the issues that would be before it, and even specifically stated in its judgment entry that "[t]he small claims magistrate can competently address these issues." Moreover, even if there would have been some valid need for Appellee to retain an attorney, that could have still been accomplished at the small claims court level without any need for removal to the general division. The Ohio Supreme Court has specifically ruled that a layman may represent a corporation in small claims court, and therefore, we find no merit to Appellant's argument. See *Cleveland Bar Assoc. v. Pearlman*, supra.

{¶16} Although Appellant raised the issue of a lack of jurisdiction in his motions before the trial court and briefly alluded to the jurisdictional issue on appeal, he did not specify this issue as an assignment of error, nor did he provide any arguments or support in his appellate brief. Appellate Rule 16 requires an appellant's brief to contain a statement of the assignments of error set forth for review and an argument with respect to each assignment of error. Where arguments have not been adequately set forth for review, an appellate court is not required to address them. App.R. 16(A)(7); App.R. 12(A)(2). *Bellefontaine v. Miller*, 3d Dist. No. 8-08-32, 2009-Ohio-2818, ¶34. It is not appropriate for an appellate court to construct the legal arguments in support of an appellant's appeal. *Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶94. "If an argument exists

that can support [an] assignment of error, it is not [an appellate] court's duty to root it out."  Id., quoting *Cardone v. Cardone*,  9th Dist. No. 18349, 1998 WL 224934.   Accordingly, as Appellant did not set forth this argument in an assignment of error in his appellate brief, we need not address it.   However, since the issue involves jurisdiction, which an appellate court may raise sua sponte, we will very briefly review the matter.

{¶17} Appellant cites *Cheap Escape Co. Inc. v. Haddox*, 106 Ohio St.3d 136, 832 N.E.2d 1193, 2005-Ohio-4107, for his rationale as to lack of jurisdiction. We find the facts in *Cheap Escape* are entirely different than the facts before us in this case.   In *Cheap Escape*, the Ohio Supreme Court analyzed the language of R.C. 1901.18(A) concerning the jurisdiction of municipal courts and found that it "limits municipal court subject matter jurisdiction to actions or proceedings that have a territorial connection to the court."   Id. at ¶22.   In *Cheap Escape*, both parties agreed that all of the relevant events occurred outside of Franklin County, and the only connection to Franklin County was a forum-selection clause in the contract.   Id.   Therefore, the Franklin County Municipal Court did not have subject-matter jurisdiction because there was no territorial connection to the court. Id.

{¶18} The facts in the case before us now more closely resemble those in *Groll Furniture Co. v. Epps*, supra.   In *Groll Furniture Co.*, the municipal court

had subject matter jurisdiction over the action because the parties had multiple territorial connections to the county. Id., 2009-Ohio-3533, at ¶13. Likewise, in this case, the record shows that there were numerous territorial connections within the jurisdiction of the trial court, including but not limited to: Appellee's business operated in the county, the research and work for Appellant was performed in the county, and Appellant contacted Appellee and discussed the work in the county. Furthermore, Appellant did not petition the court and ask that the case be removed to another jurisdiction; he only asked that it be removed from the small claims division to the general division of the Findlay Municipal Court. The territorial jurisdiction and venue of a small claims division are concurrent with that of the respective municipal court in ordinary civil actions, so Appellant's request for removal to the general division is inconsistent with his assertion that the court lacked jurisdiction. See R.C. 1925.02(A)(3).

{¶19} The trial court did not abuse its discretion when it denied Appellant's motion to remove the case to the general division of the Findlay Municipal Court. Appellant's first assignment of error is overruled.

{¶20} In his second assignment of error, Appellant claims that he was denied his constitutional right to a jury trial because the small claims division does not provide for jury trials and the trial court denied his motion for removal to the

general division. Appellant cites *Dockery v. Dr. Bo Auto Clinic*, 6th Dist. No. S-00-045, 2001 WL 868664, claiming that the case is dispositive of the argument.

**{¶21}** *Dockery* involved a case in which the plaintiff filed a complaint in small claims court seeking $1,749 from an auto repair clinic for unsatisfactory auto repairs. The defendant filed a motion to transfer the case to the regular docket of the municipal court along with a demand for a jury trial. The trial court denied the transfer, and the defendant appealed. Id. The Sixth District Court of Appeals reversed the decision, finding that the trial court did not have the discretion to encroach upon the defendant's fundamental right to a trial by jury by denying the transfer. Id.

**{¶22}** Although Appellant states that *Dockery* is "directly on point," we find that there is a major distinguishing fact which differentiates the case from Appellant's claim. In *Dockery*, the defendant filed his motion to transfer *along with a demand for a jury trial*. In the present case, Appellant did not include any request for a jury trial in his reasons for removal. There was no way that the trial court could have surmised that the purpose of the motion for transfer was to obtain a jury trial which was not requested. Based upon all of the information that Appellant provided to the trial court as his rationale for the transfer, the trial court's decision was logical, proper, and not an abuse of discretion.

{¶23} Not only did Appellant fail to place his request for a jury in his motion for removal, he did not raise the issue *at any time* in the lower court, not even in his Civ.R. 60(B) motion for relief from judgment. The first time that the issue of a jury trial was mentioned was on appeal. It is well established in Ohio law that, generally, an issue may not be raised for the first time on appeal. See, e.g., *Lillie v. Meachen*, 3d Dist. No. 1-09-09, 2009-Ohio-4934, ¶20; *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.*, 3d Dist. No. 14-06-34, 2007-Ohio-4365, ¶23; Civ.R. 53. Appellant's second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and SHAW, J.J., concur.**

**/jlr**