[Cite as *Purdy Painting v. Bungo*, 2015-Ohio-3350.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102451**

## PURDY PAINTING

PLAINTIFF-APPELLEE

vs.

## BRYAN BUNGO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Parma Municipal Court
Case No. 14CVI02139

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 20, 2015

**ATTORNEYS FOR APPELLANT**

Natalie F. Grubb
Mark E. Owens
Grubb & Associates, L.P.A.
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256

**APPELLEES**

John P. Moore, Jr., pro se
Inmate Number A661960
Belmont Correctional Institution
P.O. Box 540
68518 Bannock Road
St. Clairsville, Ohio 43950

Purdy Painting
988 West Liberty Street
Medina, Ohio 44256

ANITA LASTER MAYS, J.:

I.      **Facts and Procedure**

{¶1}    Defendant-appellant Bryan Bungo ("Bungo") appeals the decision of the Parma Municipal Court, Small Claims Division, granting a $1,950  judgment for breach of contract to plaintiff-appellee John Moore ("Moore") doing business under the registered trade name of Purdy Painting and denying Bungo's counterclaims for violations of Ohio consumer protection laws and poor workmanship.   We affirm.

{¶2}    Bungo is a senior citizen residing in North Royalton.  He contacted his local Sherwin-Williams store in June 2014, to ask for names of local painters.  Bungo called two of the names he was given but only Moore returned his call.  Moore went to Bungo's home and they discussed painting several areas.  Bungo informed Moore that he was dissatisfied with the work of a painter he had hired who was taking too long to perform.

{¶3}    Moore observed that the previous painter applied heavily textured paint and the walls were rough.  He proposed sanding the walls and patching and caulking where needed. The parties agreed that services would be performed for $1,700 and Bungo signed an estimate for the services.

{¶4}    On June 19, 2014, while Moore and his brother were performing the services, Bungo asked about additional work for peeling doors.  Moore suggested that it would be better to replace the doors due to their condition. Bungo priced the doors at a

local Home Depot, determined he could not afford to replace them, and told Moore to do what he could to repaint them for $250.

{¶5} Moore paid someone to use a stripping agent on the doors, applied a coat of paint and told Bungo that he would return in a few days to apply a second coat after the first coat was dry. Bungo gave Moore a check for $1,950, the total amount due for the services.

{¶6} According to Moore, Bungo said he was pleased with the work, however, a couple of days later, Bungo stopped payment on the check claiming dissatisfaction. On June 23, 2014, Moore went to Bungo's house to make corrections. Bungo refused access and the police were summoned. Moore remained on the sidewalk and videotaped the incident to demonstrate that he tried to return to address any service issues. The police made no arrest.

{¶7} On July 3, 2014, Moore filed suit pro se in the Parma Municipal Court, Small Claims Division, seeking $1,950 for breach of contract. Attached to the complaint was (1) the two-page estimate for the painting services dated June 11, 2014, containing a list of the areas to be painted and a total amount due of $1,700; (2) a copy of Bungo's check, dated June 19, 2014, for $1,950; and (3) a printout of the police call for service report dated June 23, 2014.

**{¶8}** The trial court issued a summons and complaint on July 3, 2014, setting a trial date of August 5, 2014, at 11:30 a.m. The summons stated that any counterclaims or cross-claims must be filed at least seven days prior to the hearing date.

**{¶9}** On July 18, 2014, counsel for Bungo filed a notice of appearance and requested a continuance of the trial date in order to file an answer, affirmative defenses, and counterclaims. On July 24, 2014, the magistrate issued a journal entry denying the motion to continue.

**{¶10}** On July 25, 2015, Bungo filed an answer, affirmative defenses, and counterclaim via facsimile and without a filing fee. Bungo set forth fourteen affirmative defenses that included failure to state a claim, unclean hands, violation of the Ohio Consumer Sales Practice Act R.C. Chapter 1345 ("CSPA"), and a general reservation of right to add additional defenses as they become known during the pendency of the action.

**{¶11}** Bungo alleged in his counterclaims: (1) violation of the Ohio Consumer Sales Practices Act due to unfair and deceptive practices under R.C. 1345.02 and 1345.03; (2) negligent misrepresentation of Purdy Painting's national presence, skills, experience, and reputation; (3) willful and wanton negligence for poor workmanship; and (4) breach of fiduciary duty due to Bungo's special trust of Moore. The prayer lacked a specific amount of damages, stating only that "[D]efendant demands judgment against the [P]laintiff for damages, his costs, reasonable attorney fees, and such other and further relief as may be proper in law and equity."

**{¶12}** Also on July 25, 2014, counsel for Bungo faxed a second motion for continuance to the trial court that stated Moore needed time to respond to the counterclaim and stating counsel had a conflict pursuant to a subpoena issued to her on June 27, 2014. On July 28, 2014, Bungo's original answer and motion along with the $30 filing fee were received and recorded by the court.

**{¶13}** On July 29, 2014, counsel for Bungo faxed a letter to the court stating Bungo's demand on his counterclaims was in excess of $5,000. On August 5, 2014, the magistrate treated the letter as an improperly filed motion to amend the counterclaim and trial remained set for August 5, 2014.

**{¶14}** On July 31, 2014, Bungo's counsel filed an emergency motion to transfer the case from the small claims docket to the regular docket and requested cancellation of the small claims trial. The motion asserted additional time was needed for discovery, to secure witnesses for trial, due to a scheduling conflict of trial counsel and asserted that the counterclaims exceeded the $3,000 jurisdiction of the small claims division. Counsel's affidavit was attached in support of the motion.

**{¶15}** On August 1, 2014, the magistrate issued a journal entry that listed the filing dates of pleadings and motions and noted Bungo's failure to properly amend the counterclaim for damages. The magistrate observed that a small claims case must be heard between 15 and 40 days after commencement per R.C. 1925.04(B), and that the counterclaim could not be amended because it had been filed less than seven days before

the trial. The magistrate suggested that Bungo's counsel send an associate or appear on alternative dates of August 4 or August 7, 2014.

{¶16} On August 4, 2014, Bungo objected to the magistrate's journal entry, focusing on the reasons that the case should be removed to the regular docket. The motion was denied immediately preceding the small claims hearing on August 5, 2014. Bungo was represented at the hearing by an associate of record counsel.

{¶17} The magistrate issued findings of fact and conclusions of law. The magistrate determined that: (1) Moore performed the contract services; (2) the issues Bungo complained of were minor and could have been corrected but for Bungo's refusal to allow Moore to do so; and (3) Bungo failed to prove his counterclaims by a preponderance of the evidence. The magistrate also stated: [Bungo] repeatedly in trial made reference to a right of rescission that was not given the Defendant. Plaintiff however has failed to allege in the complaint and/or prove at trial that the transaction was governed by the Home Solicitation Sales Act under ORC 1345.21(A) which would trigger such requirement.

{¶18} On August 26, 2014, Bungo filed objections to the magistrate's decision and on October 6, 2014, filed amended objections to the magistrate's decision. Both documents cited Moore's failure to comply with the Home Sales Solicitation Act ("HSSA") and asserted that the counterclaim for violation of the CSPA and potential treble damages demonstrated that there was, in fact, an excess of $5,000 in damages that required removal to the regular docket. On December 2, 2014, the trial court affirmed the magistrate's decision overruling defendant's procedural objections and adopted the magistrate's decision on the merits.

**{¶19}** On December 9, 2014, Bungo filed a motion to deposit the judgment amount into the court to release the mechanic's lien that Moore had placed on Bungo's property. In that document, Bungo informed the court that Moore had been incarcerated on or about October 24, 2014, for three felony convictions for drug trafficking. Attached as Exhibit A to the motion was a printout from the Ohio Department of Rehabilitation and Correction that indicated Moore was serving a period of incarceration from October 24, 2014 to August 26, 2016.

**{¶20}** Bungo's notice of appeal and praecipe were filed in the trial court on December 24, 2014 and with this court on January 6, 2015. No brief has been filed by appellee Moore though Bungo certified to this court that service was properly made.

## II. Assignments of Error

**{¶21}** Bungo poses the following assignments of error:

> I. The trial court's failure to find that appellee's contract was unenforceable against appellant for failure to comply with the notice of three day right of rescission required by the Ohio Home Sales Solicitation Act is against the manifest weight of the evidence.

> II. The trial court's failure to find that appellee violated the Ohio Consumer Sales Practices Act (R.C. 1345.01, et seq.) by failing to provide the written notice of right of rescission required by the HSSA is against the manifest weight of the evidence.

> III. The trial court's failure to find that appellant proved by a preponderance of the evidence that appellee failed to perform as promised is against the manifest weight of the evidence.

IV.  The trial court's failure to find that appellee failed to perform its work in a substantial workmanlike manner is against the manifest weight of the evidence.

V.  The trial court erred as a matter of law in failing to consider appellant's counterclaims.

## III. Standard of Review

**{¶22}**  The standard of review for proceedings in small claims court is abuse of discretion. *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶ 7; *Feinstein v. Habitat Wallpaper & Blinds*, 8th Dist. Cuyahoga No. 67419, 1994 Ohio App. LEXIS 5771 (Dec. 22, 1994).  In reviewing the trial court's ruling on objections to a magistrate's decision in small claims court, we must determine whether the trial court abused its discretion in reaching its decision.  *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶ 35. *Fields v. Cloyd,* 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9.  An abuse of discretion standard "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶23}**  Further, proceedings in small claims courts are designed to be "informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged."  *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15.  *See also Beckett v. Wisniewski*, 3d Dist. Hancock No. 5-09-17, 2009-Ohio-6158, ¶ 14.

**{¶24}** Small claims proceedings are subject to the Rules of Civil Procedure to the extent provided in R.C. 1925.16:

> Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, and Chapter 1901., and sections 2307.06 and 2307.07 of the Revised Code, and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure, Chapter 1907., and sections 2307.06 and 2307.07 of the Revised Code.

**{¶25}** When reviewing the manifest weight of the evidence in a civil case, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

**{¶26}** We are guided by a presumption that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). This presumption arises because the trier of fact had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* Judgments supported by competent, credible evidence going to all the essential elements of the claim will not be reversed on appeal as being against the manifest weight of the evidence. *Schneider v. Razek*, 2015-Ohio-410, 28 N.E.3d 591, ¶ 43 (8th Dist.).

## IV. Analysis

{¶27} For ease of analysis, we combine assignments of error Nos. 1 and 2 regarding the trial court's findings on the issues of the CSPA and HSSA.

{¶28} The magistrate found that Bungo failed to allege in his counterclaim and/or prove at trial that the HSSA applies to this case. Bungo argues that the testimony at the hearing established that the painting contract did not include a three-day rescission clause in violation of the HSSA and that, since the case was in small claims court, there was no requirement that this argument be submitted in writing or briefed prior to the hearing.

{¶29} The complaint in this case contained the requisite statutory notice regarding the filing of counterclaims in small claims cases. R.C. 1925.05(A) provides that notice of the small claims filing served on the defendant must state:

> If you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven days prior to the date of the trial of the plaintiff's claim.

Bungo was keenly aware of the necessity of setting forth the appropriate counterclaims in a timely manner, particularly in light of the procedural history of the case regarding Bungo's failure to properly amend his answer and counterclaims to plead specific damages.

{¶30} Bungo failed to include the HSSA claim in his counterclaim. Therefore, we affirm the trial court's finding that the HSSA claim was not properly raised before the trial court. *See Rick's Foreign Exchange Co. v. Greenlee*, 2d Dist. Montgomery No.

26096, 2014-Ohio-4505, ¶ 20 (trial court properly elected not to address defendant's failure to offer CSPA as a counterclaim in a small claims action.)

**{¶31}** Our finding on this issue is dispositive of the remaining component's of assigned errors I and II as to the weight of the evidence regarding a violation of the HSSA as well as to a violation of the CSPA due to the HSSA violation.

**{¶32}** We also combine Bungo's third and fourth assignments of error for purposes of judicial economy.

**{¶33}** Bungo argues the trial court's findings that he failed to establish by a preponderance of the evidence that the services were not performed as promised or in a substantially workmanlike manner is against the manifest weight of the evidence. Bungo offers that the photographs of the work and the professional estimates introduced at trial detailing the amount Bungo would have to spend to have the work properly done proves the trial court's findings are in error.

**{¶34}** We reiterate that we are mindful of the presumption in favor of the finder of fact and that "every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Depompei v. Santabarbara*, 8th Dist. Cuyahoga No. 101163, 2015-Ohio-18, ¶ 18, quoting *Eastley, supra*, at ¶ 21.

**{¶35}** Based on a review of the record, including the photographs proffered by Bungo, we do not find that the trial court abused its discretion in finding that Bungo

failed to prove the counterclaims regarding workmanship and performance by a preponderance of the evidence.

{¶36} The photographs in the record appear to depict minor issues that could possibly have been resolved if Moore had been allowed access to the home. Moore's responses to questions posed by Bungo and the trial court regarding Bungo's complaints were not unreasonable. As the trial court observed, "the Defendant cannot under consumer or contract law complain that the Plaintiff failed to correct defects in the work, as he specifically denied Plaintiff the opportunity to correct those defects." Bungo's assignments of error Nos. 3 and 4 are overruled.

{¶37} We now address Bungo's fifth and final assignment of error, that the trial court erred as a matter of law in failing to consider his counterclaims. Yet he also argues "a refusal to accept" the counterclaim.

{¶38} Bungo has failed to cite to any case law supporting his position. "An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R.16(A)(7)." *Siemientkowski v. State Farm Ins.*, 8th Dist. Cuyahoga No. 85323, 2005-Ohio-4295, ¶ 23. Because Bungo has failed to cite legal authority in support of his argument, this court is not required to address the fifth assignment of error.

{¶39} Notwithstanding the foregoing, we incorporate herein by reference our analysis and findings in response to assignments of error Nos. 1, 2, 3 and 4, which

clearly demonstrate the trial court's express consideration of Bungo's counterclaims in this case. The magistrate found that Bungo, "failed to prove by preponderance of the evidence any part of the counterclaim and it is therefore overruled." The trial court subsequently elaborated on the procedural failures of Bungo to file a proper answer and counterclaim as well as the failure to offer sufficient grounds for Bungo's motions to continue the hearing date and for removal of the case to the regular docket. The court then declared that "the [p]roposed [d]ecision of the [m]agistrate is adopted."

**{¶40}** Therefore, Bungo's fifth assignment of error is without merit.

**{¶41}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR