[Cite as *Snyder v. Affordable Constr. Co*, 2018-Ohio-4723.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

JANE SNYDER,

    PLAINTIFF-APPELLEE,          CASE NO. 5-18-07

    v.

AFFORDABLE CONSTRUCTION CO.,      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Findlay Municipal Court

Trial Court No. 2017 CIV 02581

**Judgment Affirmed**

Date of Decision: November 26, 2018

APPEARANCES:

    *Elizabeth B. Bostdorff* **for Appellant**

    *William E. Clark* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant, Affordable Construction Company ("Appellant"), appeals the judgment of the Findlay Municipal Court, Small Claims Division, granting Plaintiff-Appellee, Jane Snyder's ("Snyder") complaint for breach of contract and money damages. On appeal, Appellant asserts that the trial court erred when it denied its second motion to continue. For the reasons that follow, we affirm the judgment of the Findlay Municipal Court, Small Claims Division.

*Factual and Procedural Background*

{¶2} On November 11, 2017, Snyder filed a claim for $4929.65, plus interest, against Appellant in the Findlay Municipal Court. (Doc. No. 1). Snyder averred that she contracted with and paid Appellant to perform repair work on her home, however, Appellant failed to complete the repair services as quoted. (*Id.*). A trial on Snyder's claim was set for December 19, 2017. (*Id.*).

{¶3} On December 4, 2017, Paul Davis ("Davis"), on behalf of Appellant,[1] filed a *pro se* motion to continue the trial, on the basis that he would be out of Ohio until January, 2018. (Doc. No. 4). The trial court granted Davis' continuance, and advised him to contact an attorney, as Appellant appeared to be a corporation. (*Id.*).

---

[1] Notably, Davis did not file anything with the trial court to indicate his capacity to represent Affordable Construction Company.

The trial court rescheduled the trial for January 9, 2018 per Appellant's request. (Doc. No. 5).

**{¶4}** On December 26, 2017, Davis filed a *pro se* motion to dismiss Snyder's complaint. (Doc. No. 6). Davis averred that Snyder altered the contract date, and attached a copy of the contract to the motion. (*Id.*; Ex. A).

**{¶5}** On January 8, 2018, Davis sent a second *pro se* continuance request to the trial court. (Doc. No. 7). Davis averred that he was in Arizona working, and further stated that he was scheduled to attend a "builder's show" there. (*Id.*). Davis attached a copy of the "builder's show" brochure to the motion, which verified that the show was scheduled for January 12th, 13th, and 14th. (*Id.*).

**{¶6}** The trial court denied this continuance request on the same date. (Doc. No. 8). In denying the request, a visiting judge held that:

> It is the order, judgment, and decree of this court that the request to continue the small claims hearing by Paul Davis is denied. The defendant is a corporation. Mr. Davis cannot represent the corporation unless he is an attorney licensed in the state of Ohio. Mr. Davis therefore does not have the ability to file motions on behalf of the defendant. Even if Mr. Davis had authority to file the motion, it has not been timely filed. By local rule motion [sic] need to be filed at least 3 days prior to a hearing. The complaint was filed on 11/15/17. A prior continuance was granted for the defendant. It is now beyond the statutory time requirements for small claims cases. A continuance is therefore not appropriate.

(*Id.*).

**{¶7}** On January 9, 2018, the trial occurred as scheduled. (Doc. No. 9). Snyder appeared, however, neither Davis nor a representative for Appellant appeared in the trial court. (*Id.*). During the trial, the Magistrate found that the Appellant did receive service of the hearing, as evidenced by the Assignment notice. (*Id.*). Thus, the hearing was conducted as scheduled, resulting in the Magistrate recommending judgment in favor of Snyder, against Appellant, in the sum of $4929.65, plus interest. (*Id.*).

**{¶8}** On January 23, 2018, Appellant, though legal counsel, objected to the magistrate's decision, due to, in part, the "conflicting information regarding the need for Affordable Construction Co. to retain counsel for this case." (Doc. No. 10). Appellant also argued that because Davis was permitted to represent the company in the first request for a continuance, the subsequent ruling that Davis could not represent the company had prejudiced Appellant. (*Id.*).

**{¶9}** The trial court issued its judgment entry on Appellant's objections to the magistrate's decision on February 22, 2018. (Doc. No. 12). The trial court found that Davis did not make a proper request for a second continuance, as he failed to attach proof of service to Snyder when he requested the second continuance. (*Id.*). Additionally, the trial court found that the continuance request was untimely made. (*Id.*). Lastly, the trial court noted that second request was due to Davis' own making, given that he elected to work and attend a builder's show out of state on the

date of the scheduled hearing. (*Id.*). The trial court overruled Davis' objections and rendered judgment in favor of Snyder for $4,929.65, plus interest. (*Id.*). From this judgment Appellant timely appeals, and presents the following assignment of error for our review:

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S JANUARY 8, 2018 MOTION TO CONTINUE DUE TO APPELLANT SELF-REPRESENTION WHEN CORPORATIONS ARE PERMITTED TO SELF-REPRESENT IN SMALL CLAIM COURT ACTIONS PURSUANT TO OHIO REVISED CODE § 1925.17.**

*Appellant's First Assignment of Error*

{¶10} In their sole assignment of error, Appellant argues that the trial court erred when it held that Davis could not represent the company because he was not a licensed attorney in the state of Ohio. For the reasons that follow, we disagree.

*Standard of Review*

{¶11} An appellate court employs an abuse of discretion standard when assessing a trial court's order involving a motion for a continuance. *In re R.C.,* 3rd Dist. Wyandot Nos. 16-09-11, 16-09-12, 16-09-13, 2010-Ohio-3800, ¶ 20. The term 'abuse of discretion' "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or is

grossly unsound." *Mackenbach v. Mackenbach,* 3rd Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 7. When reviewing a decision under an abuse of discretion standard, the appellate "court may not simply substitute its judgment for that of the trial court." *In re A.G.M.C.,* 3rd Dist. Marion No. 9-10-30, 2010-Ohio-5188, ¶ 41.

*Analysis*

**{¶12}** Appellant, in its appellate brief, focuses exclusively on the trial court's order admonishing Davis that he could not legally represent the company in small claims court, because he was not a licensed attorney in the state of Ohio. To support its argument that Davis could represent Affordable Construction Company in small claims court, Appellant directs us to R.C. 1925.17, which states:

> A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.

R.C. 1925.17.

**{¶13}** Appellant argues that this provision of the Revised Code permitted Davis to represent the company, as long as Davis did not argue, cross-examine, or engage in other acts of advocacy. In furtherance of this argument, Appellant quotes our previous decision in *Beckett v. Wisniewski,* wherein we held:

> That 'by design, proceedings in small claims court are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged.'

*Beckett v. Wisniewski,* 3rd Dist. Hancock No. 5-09-17, 2009-Ohio-6158, ¶ 14 *quoting Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15.

**{¶14}** Even though Davis, pursuant to R.C. 1925.17, could have represented Appellant in a limited capacity in small claims court, Appellant disregards the alternate reason why the trial court denied the second request for a continuance. Particularly, the trial court denied Davis' request because it was made one day prior to the rescheduled hearing. The record demonstrates that on December 5, 2017, Davis received notice that the small claims trial was rescheduled for January 9, 2018. (Doc. No. 5). Even though Davis (seemingly) advised the trial court of his availability in January, 2018, Davis filed a continuance request of the January 9th trial, which the trial court received January 8, 2018. (Doc. No. 7).

**{¶15}** We have previously held that a trial court does not abuse its discretion in denying a motion to continue when the motion was received two days before a scheduled trial date. *Herman v. Best,* 3rd Dist. Union No. 14-97-31, 1997 WL 794500, *1. In holding that the trial court did not abuse its discretion in denying a continuance request made two days prior to the scheduled trial, we considered factors such as:

the length of the delay requested; whether other continuances have been requested and received, the inconvenience to the parties and the court; whether the requested delay is made in good faith, whether the party requesting a continuance contributed to the need for the delay; and other relevant factors depending on the facts of the case.

*Id. quoting State v. Unger,* 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981). We discuss the relevant factors to Davis' request below.

### *Length of Delay Requested*

**{¶16}** Davis' second request for a continuance does not indicate a date that he would be able to return to Ohio for trial. (*See,* Doc. No. 7). The only discernable time frame wherein Davis would be free to return would be after the builder's show, which was scheduled for January 12-14, 2018. (*Id.*).

### *Whether Other Continuance Have Been Requested and Received*

**{¶17}** Davis requested and received his first continuance on December 4, 2017. (Doc. No. 4).

### *Inconvenience to the Parties and the Court*

**{¶18}** Davis' second continuance request, received the day prior to trial, would have undoubtedly inconvenienced Snyder, who may not have received notice of the continuance until she arrived at the trial court the following day. Furthermore, the trial court would also have been inconvenienced for not being able to control its own docket.

*Whether the Requested Delay is Made in Good Faith*

**{¶19}** After reviewing the record, we find that Davis' second continuance request was not made in good faith. Davis voluntarily elected to be out of Ohio, which precipitated the first continuance. In that first request, the trial court was asked to continue the case until January, 2018. The trial court granted the request, setting a new trial date for January 9, 2018 (within the time frame requested). As such, the trial court honored the continuance request only to discover, through a second continuance request sent the day before trial, that Appellant's prior representation (of his availability for trial) was inaccurate. Thus, we find a lack of good faith by the Appellant under the facts presented.

*Whether the Party Requesting a Continuance*
*Contributed to the Need for the Delay*

**{¶20}** We find that Davis not only contributed to, but was also the sole reason for the need for delay, by voluntarily electing to remain out of Ohio on the date of the scheduled trial.

*Conclusion*

**{¶21}** Based on the balancing test employed in *Herman* and the record before us, we conclude that the trial court did not abuse its discretion in refusing to grant the second continuance request. Appellant's sole assignment of error is overruled.

{¶22} Having found no error prejudicial to Appellant herein in the particulars assigned and argued, we overrule Appellant's first assignment of error and affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**